[No. A033537. First Dist., Div. Two. Feb. 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS JOSE GUTIERREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication with the exception of parts II–IV.

598

**COUNSEL**

Ralph R. Lopez, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—Carlos Jose Gutierrez appeals from convictions entered upon guilty pleas to one count of vehicular manslaughter (count 1) (Pen. Code, § 192, subd. (c)(3)); one count of felony drunk driving (count 2) (Veh. Code, § 23153, subd. (a)); and one count of driving with a revoked license (count 3) (Veh. Code, § 14601, subd. (a)). Appellant was sentenced to the middle term of six years on count 1, a consecutive eight months (one-third middle term) on count 2, and a concurrent eight months on count 3, to be served in the California Youth Authority. He contends that the trial court erred in imposing consecutive sentences;, relying on elements of the crimes as factors in aggravation; failing to impose a mitigated term; and denying probation.

### STATEMENT OF FACTS

The accident underlying appellant's offenses occurred on the evening of May 23, 1985, on the southbound portion of Highway 101 in the Fulton area. When California Highway Patrol Officer Kissinger reported to the scene he found appellant had driven off the shoulder of the road, crashed through a cyclone fence and wood fence, and hit some piping and trees. He had reportedly swerved around an automobile into the center divider, then swerved

back to the right, narrowly missing another vehicle. One passenger, Joann Boyd, had been thrown onto the side of the road and suffered fatal injuries. Another, Kimberly Souza, was also injured when she was thrown out of the car but survived. Appellant was taken to Community Hospital in critical condition. Two other passengers, Eleuterio Fernandez Arrendondo and Hector Olmedo, were uninjured.

Officer Kissinger learned that appellant, Arrendondo and Olmedo, age 19, 24 and 20 respectively, had met Joann Boyd, Kimberly Souza, Thea Dawn Souza and Wendy Coleman, all teenagers, at a parade in Healdsburg and were to give the girls a ride home. When the girls entered the car there was an empty 12-pack of Budweiser beer on the rear floorboard. Appellant stopped at a store where one of the male passengers bought another 12-pack of beer. While waiting, appellant took a bicycle parked outside the store and placed it in the trunk of his car. Appellant had been drinking beer, and continued to do so after the stop.

Appellant became irate when another driver pulled in front of him, chased the other car at over 80 miles per hour, and threw beer cans at it. On a number of occasions appellant took his hands off the steering wheel while traveling at 90 miles per hour or more, causing Joann Boyd to steer the car. The passengers asked appellant to slow down; Wendy Coleman and Dawn Souza asked to get out, which appellant allowed after spinning the car around twice. Appellant once returned to ask the girls to get back into the car, but they refused.

Kimberly Souza reported that appellant was driving at over 100 miles per hour once they reached the freeway. Shortly before the accident, while the car was travelling at 110 miles per hour, appellant had again taken his hands off the wheel leaving Joann Boyd to steer. Appellant was steering at the time of the accident.

When Officer Kissinger questioned appellant at the hospital just before surgery, appellant stated that the reason he had been driving so fast was that he was drunk. Appellant's blood alcohol level, tested within two hours of the accident, was .17 percent. His driver's license had been suspended at the time of the accident.

DISCUSSION

I.

*Consecutive Sentences*

Appellant contends that imposition of consecutive sentences on counts 1 and 2 violates the prohibition in Penal Code section 654 against multiple punishment for a single act or omission.[1] His argument is that the offenses charged in these two counts arise from a single act of drunk driving, and that such an act is a single violation even when more than one person is injured thereby. (*People* v. *McNiece* (1986) 181 Cal.App.3d 1048, 1064 [226 Cal.Rptr. 733].)

*People* v. *McNiece, supra,* 181 Cal.App.3d 1048, like the present case, involved convictions under Penal Code section 192, subdivision (a)(3) and Vehicle Code section 23153 arising from an incident of drunken driving which resulted in one injury and one death. The court based its conclusion that the appellant could be sentenced only once for his single act of drunken driving on *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134], in which the Supreme Court held that a defendant could not be charged with multiple counts of driving under the influence when a single instance of such driving results in injury to several people. As we will explain, we disagree with *McNiece* that *Wilkoff* similarly prohibits punishment for both vehicular manslaughter and drunken driving where the act of drunken driving results in injury and death to separate victims.

▆ Penal Code section 192, subdivision (c)(3), of which appellant was convicted in count 1, defines vehicular manslaughter as the "unlawful killing of a human being without malice" while "[d]riving a vehicle in violation of Section 23152 or 23153 of the Vehicle Code and in the commission of an unlawful act, not amounting to felony, and with gross negligence; or driving a vehicle in violation of Section 23152 or 23153 of the Vehicle code and in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence." Vehicle Code section 23153, subdivision (a), of which appellant was convicted in count 2, provides that: "It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which

---

[1]Penal Code section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

act or neglect proximately causes bodily injury to any person other than the driver."[2]

While both statutes pertain to drunken driving, *Wilkoff* teaches that they are vitally different in that the actus reus prohibited by Penal Code section 192, subdivision (c)(3), is homicide, the unlawful killing of a human being, while the actus reus of Vehicle Code section 23153 is "the act of driving a vehicle while intoxicated and, when so driving, violating any law relating to the driving of a vehicle." (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d 345, 349.)

This difference is significant because "[a] defendant may be properly convicted of multiple counts for multiple victims of a single criminal act only where the act prohibited by the statute is centrally an 'act of violence against the person.' " (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at p. 351, quoting *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].) A defendant cannot be convicted or punished according to the number of victims of a single instance of drunken driving because "the act prohibited by [Vehicle Code] section 23153 is defined in terms of an act of driving . . . . The actus reus of the offense [of drunk driving] does not include causing bodily injury. Rather, where bodily injury *proximately results* from the prohibited act, the offense is elevated from misdemeanor to felony." (*Wilkoff, supra,* 38 Cal.3d at p. 352, italics in original.) Manslaughter, by contrast, is defined in terms of an act of violence against the person and, therefore, may be charged and punished according to the number of victims.

The fact situations in the present case and in *McNiece* involved neither multiple counts of vehicular manslaughter nor multiple counts of drunk driving, but a single count of each. *McNiece* viewed a conviction under Penal Code section 192, subdivision (c)(3) as involving the same "basic act" of driving while under the influence of alcohol as that under Vehicle Code section 23153, relying on the statement in *Wilkoff* that " '[u]nlike the usual "multiple victim" case, here the fundamental concern of the state is not the outrage done the victims, but rather the prevention of "drunken driving" and the punishment of those who so conduct themselves.' " (38 Cal.3d at p. 350, quoting *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75, 79 [95 Cal.Rptr. 547].)

---

[2]Vehicle Code section 23153, subdivision (b) parallels section 23153, subdivision (a) but substitutes reference to blood alcohol level of 0.10 percent or more for the language "while under the influence." Vehicle Code section 23152, also referred to in Penal Code section 192, subdivision (c)(3), prohibits driving "under the influence" or with blood alcohol level of 0.10 percent or more without causing bodily injury.

■ In our view, the holding in *McNiece,* which achieves the anomalous result that separate and distinct acts with different victims can only be punished once, erroneously ignores the distinction between the offenses of drunken driving and vehicular manslaughter and should not be followed. The statement in *Wilkoff* relied upon in *McNiece* applies only to situations in which the defendant is charged with multiple acts of drunk driving. However, in *McNiece* the defendant was charged with one count of drunk driving and a separate count of vehicular manslaughter, offenses which, as we have seen, address very different concerns. Similarly, appellant in this case was charged in separate counts with distinct acts: killing Joann Boyd, in violation of Penal Code section 192, subdivision (c)(3); and driving while under the influence of alcohol, resulting in injury to Kimberly Souza,[3] in violation of Vehicle Code section 23153. Because the criminal acts charged were distinct and the victims different, imposition of consecutive sentences for both counts did not violate Penal Code section 654.[4]

II.-IV.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

Judgment affirmed.

Smith, J., and Benson, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 21, 1987.

---

[3]The information in count 2 referred to injury to both Souza and Boyd.

[4]Where convictions of drunk driving and vehicular manslaughter result from the death of a single victim, Penal Code section 654 prohibits multiple punishment because the two statutes were violated by the same act. (*People* v. *McAlister* (1985) 167 Cal.App.3d 633, 646 [213 Cal.Rptr. 271]; *People* v. *Milham* (1984) 159 Cal.App.3d 487, 507 [205 Cal.Rptr. 688]; *People* v. *Rocha* (1978) 80 Cal.App.3d 972, 977 [146 Cal.Rptr. 81]; *People* v. *Young* (1964) 224 Cal.App.2d 420, 424 [36 Cal.Rptr. 672].) We note that a different holding in *People* v. *Young, supra,* that a defendant could be punished twice for a single act of drunk driving which injured two victims (224 Cal.App.2d 420, 424) was rejected in *Wilkoff, supra,* 38 Cal.3d at pages 352-353.

*See footnote, *ante,* page 596.