[No. S003612. Jan. 9, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD JOSEPH McFARLAND, JR., Defendant and Appellant.

**COUNSEL**

Peter W. Cowan, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, M. Howard Wayne, Pat Zaharopoulos, William M. Wood and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KAUFMAN, J.**—We granted review in this matter to resolve a conflict among the Courts of Appeal as to whether Penal Code section 654[1] precludes separate punishment where a drunk driver kills one victim and injures another in the same driving accident. We conclude that under these circumstances section 654 does not prohibit separate punishment.

### FACTS AND PROCEDURAL HISTORY

On April 27, 1986, defendant Donald Joseph McFarland, Jr., while driving north on Carlsbad Boulevard in the County of San Diego, slammed into the rear of a car that was stopped at an intersection waiting for the light to change. The driver of the waiting vehicle, Steven Herbert, died of massive injuries sustained in the collision. His wife, Joan, and their son, Yancy, survived the collision but suffered severe injuries. It was later determined that defendant was driving with a blood-alcohol level of 0.27 percent.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

Defendant entered a negotiated plea of nolo contendere to one count of vehicular manslaughter with gross negligence (former § 192, subd. (c)(3), now contained in § 191.5)[2] and two counts of causing bodily injury while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a)) (felony drunk driving).[3] The court imposed the middle term of six years' imprisonment for vehicular manslaughter, the mid-term of two years for each of the felony drunk driving offenses to run concurrent with the manslaughter sentence, and two consecutive one-year enhancements for injury to the two injured victims pursuant to Vehicle Code section 23182.[4] The total aggregate term was eight years.

On appeal, defendant argued that section 654[5] prohibits his being sentenced for both the manslaughter and the felony drunk driving convictions.

---

[2] Former section 192, subdivision (c)(3) defined vehicular manslaughter with gross negligence as, "Driving a vehicle in violation of Section 23152 or 23153 of the Vehicle Code and in the commission of an unlawful act, not amounting to a felony, and with gross negligence; or driving a vehicle in violation of Section 23152 or 23153 of the Vehicle Code and in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence."

Section 191.5, which replaced former section 192, subdivision (c)(3) subsequent to the events in this matter (Stats. 1986, ch. 1106, § 3), defines gross vehicular manslaughter while intoxicated as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23152 or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence."

[3] Vehicle Code section 23153, subdivison (a) provides: "It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

[4] Vehicle Code section 23182 provides: "Any person who proximately causes bodily injury to more than one victim in any one instance of driving in violation of Section 23153, shall, upon a felony conviction, receive an enhancement of one year in the state prison for each additional injured victim. The enhanced sentence provided for in this section shall not be imposed unless the fact of the bodily injury to each additional victim is charged in the accusatory pleading and admitted or found to be true by the trier of fact. The maximum number of one year enhancements which may be imposed pursuant to this section is three.

"Notwithstanding any other provision of law, the court may strike the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

This section was recently amended to provide that enhancements for each additional injured victim may be imposed where the defendant "causes bodily injury *or death* to more than one victim in any one instance of driving in violation of Section 23153 of this code or in violation of Section 191.5 or paragraph (3) of subdivision (c) of Section 192 of the Penal Code . . . ." (Stats. 1988, ch. 1264, § 1, italics added.)

[5] Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no

The Court of Appeal, noting that the districts appeared to be evenly divided on the issue (compare *People* v. *McNiece* (1986) 181 Cal.App.3d 1048 [226 Cal.Rptr. 733], with *People* v. *Gutierrez* (1987) 189 Cal.App.3d 596 [234 Cal.Rptr. 531]), concluded that separate punishment was permissible. However, in reliance on *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134], the court concluded that defendant could be sentenced for only one conviction of felony drunk driving. ██ 
Moreover, the Attorney General conceded that the two enhancements for injury to the two injured victims were improper under section 1170.1.[6] Having concluded that defendant could properly be sentenced for only one felony drunk driving violation, and having accepted the concession of the Attorney General concerning the impropriety of the enhancements, the Court of Appeal remanded for resentencing.

We granted review to resolve the division of authority among the Courts of Appeal concerning the propriety of separate punishment where one drunk-driving incident results in multiple injuries and separate convictions of felony drunk driving and vehicular manslaughter. We conclude that the decision of the Court of Appeal upholding the imposition of separate punishments for manslaughter and felony drunk driving was correct, and therefore affirm the judgment.

## DISCUSSION

██ In *Wilkoff* v. *Superior Court, supra,* 38 Cal.3d 345, we held that a defendant cannot be charged with multiple counts of felony drunk driving under Vehicle Code section 23153, subdivision (a), where injuries to several people result from one act of drunk driving. Our holding was based upon the express language of the statute, which defines the offense principally in terms of driving while intoxicated rather than the injuries which result therefrom, as well as evidence that the Legislature clearly intended only one violation of the statute regardless of the number of victims. (*Id.* at pp. 352-353.) The legislative intent, we concluded, indicated "that one instance of driving under the influence which causes injury to several persons is chargeable as only one count of driving under the influence." (*Id.* at p. 353.)

---

case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[6] At the time of the offenses in question, Vehicle Code section 23182 only permitted enhancements of the sentence imposed upon a conviction of *felony drunk driving*. The trial court, however, enhanced the sentence imposed for the *vehicular manslaughter* conviction. This was improper. (See *People* v. *Smith* (1985) 163 Cal.App.3d 908, 914 [210 Cal.Rptr. 43] ["(O)ne cannot be punished for the enhancement separately from the underlying offense."].) As noted earlier (see fn. 4, *ante,* at p. 801), the legislative response to the Court of Appeal decision in this matter was to amend the enhancement statute to apply to vehicular manslaughter as well as felony drunk driving. (Stats. 1988, ch. 1264, § 1).

In so holding, however, we observed "[b]y way of contrast, . . . [that] the actus reus of vehicular manslaughter is homicide—the unlawful killing of a human being." (38 Cal.3d at p. 349.) ■ Though the issue was not squarely before us, we used the occasion to approve a nearly unbroken line of Court of Appeal decisions holding that "a defendant [who] commits several homicides in the course of a single driving incident . . . has committed the act prohibited by the statute several times." (*Id.* at pp. 349-350; see *People* v. *De Casaus* (1957) 150 Cal.App.2d 274, 280 [309 P.2d 835]; *In re Frank F.* (1979) 90 Cal.App.3d 383, 386 [153 Cal.Rptr. 375]; *People* v. *Eagles* (1982) 133 Cal.App.3d 330, 342-343 [183 Cal.Rptr. 784]; cf. *People* v. *Jones* (1985) 164 Cal.App.3d 1173, 1181-1182 [211 Cal.Rptr. 167].) ■ This rule is consistent, we explained, with the settled principle that multiple punishment is permissible where a *single act* of violence injures or kills multiple victims. (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at pp. 351-352; see *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552].) As we explained in *People* v. *Miller, supra,* 18 Cal.3d 873, when a defendant " 'commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons,' his greater culpability precludes application of section 654." (*Id.* at p. 885, quoting *Neal* v. *State of California, supra,* 55 Cal.2d at p. 20.)

■ The question presented here is whether separate punishment is permissible where a defendant, in a single incident, commits vehicular manslaughter as to one victim, in violation of former section 192, subdivision (c)(3), and drunk driving resulting in injury to a separate victim, in violation of Vehicle Code section 23153, subdivision (a). As noted earlier, the Courts of Appeal have divided on this issue. (See *People* v. *Gutierrez, supra,* 189 Cal.App.3d 596 [separate sentences permissible]; *People* v. *McNiece, supra,* 181 Cal.App.3d 1048 [§ 654 prohibits separate sentences].)

We conclude the general rule permitting multiple punishments when multiple injuries result from a single act of violence, governs this matter. ■ As noted above, "A defendant may properly be convicted of multiple counts for multiple victims of a single criminal act . . . where the act prohibited by the statute is centrally an '*act of violence* against the person.' " (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at p. 351, quoting *Neal* v. *State of California, supra,* 55 Cal.2d at p. 20, italics added; see also *People* v. *Gutierrez, supra,* 189 Cal.App.3d at p. 601.) ■ Plainly, vehicular manslaughter with gross negligence constitutes a crime of violence against the person. (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at pp. 350-352.)

Thus, we are satisfied that where, as here, a defendant commits vehicular manslaughter with gross negligence—an act of violence against the person—he may properly be punished for injury to a separate individual that results from the same incident.[7]

Defendant contends that the foregoing conclusion is contrary to our holding in *Wilkoff* v. *Superior Court, supra,* 38 Cal.3d 345. Not so. As explained earlier, our holding was premised upon the apparent legislative intent that only one violation of Vehicle Code section 23513, subdivision (a) was contemplated regardless of the number of persons injured. We discern no such legislative intent when a drunk driver kills one individual and injures another. ■■■ The defendant who commits an act of violence by means likely to injure more than one person is properly subject to separate punishment. (*Neal* v. *State of California, supra,* 55 Cal.2d at p. 20.)

■■■ Though it might be argued that the moral culpability of the drunk driver who causes death is the same as the drunk driver who causes injury to multiple victims, as we noted in *Wilkoff* the Legislature has clearly distinguished the two crimes: "[T]he Legislature has chosen to draw a line at this point by defining one crime in terms of an act of violence against the person ('unlawful killing') and placing it in the Penal Code, while defining the other in terms of an act of driving and placing it in the Vehicle Code." (38 Cal.3d at p. 350, fn. 6.) Indeed, the Legislature reinforced this distinction in 1983 by amending the manslaughter and drunk driving statutes to provide that an intoxicated driver who kills another person is not chargeable under the Vehicle Code, but may only be charged under the manslaughter statutes of the Penal Code. (Stats. 1983, ch. 937, § 1, amending Veh. Code, § 23153 and Pen. Code, § 192; see *Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at p. 350, fn. 6.)

Defendant also cites the recent Court of Appeal decision in *People* v. *McNiece, supra,* 181 Cal.App.3d 1048, which held that separate convictions of drunk driving and vehicular manslaughter may be punished only once. *McNiece,* however, misapplied our holding in *Wilkoff, supra,* 38 Cal.3d 345; as noted, *Wilkoff* precludes separate punishment only where the defendant commits multiple offenses of felony drunk driving. Where, as here, the defendant is charged with vehicular manslaughter as to one victim and drunk driving with injury as to another, the imposition of separate

---

[7] Any doubts that a violation of former section 192, subdivision (c)(3)—vehicular manslaughter with gross negligence—constitutes an act of violence likely to result in injury to several persons, are quickly dispelled by a reading of the record in this case. Defendant took one life, but also inflicted severe injuries and trauma upon additional members of the same family.

sentences does not violate section 654. To the extent *McNiece* is inconsistent with the views expressed herein, it is disapproved.

Of course, our holding in *Wilkoff* compels, as the Court of Appeal correctly concluded, that defendant may be punished for only one violation of Vehicle Code section 23153, subdivision (a). At oral argument the Attorney General argued for the first time that *Wilkoff, supra,* 38 Cal.3d 345, should be overruled as being inconsistent with *Neal* v. *California, supra,* 55 Cal.2d 11, and its progeny. As noted earlier, however, our holding in *Wilkoff* was not based upon section 654, but rather upon the language of, and the legislative intent underlying, Vehicle Code section 23153, subdivision (a). Moreover, the legislative response to *Wilkoff* was the enactment of Vehicle Code section 23182, which provides *enhancements* for each additional injured victim. (See fn. 4, *ante.*) Thus, it appears that the Legislature has implicitly approved the *Wilkoff* interpretation of Vehicle Code section 23153, subdivision (a).

At oral argument the parties also referred to the recent legislative amendment to the enhancement statute. (Veh. Code, § 23182.) As noted, at the time of the events in question the statute permitted the imposition of one-year enhancements for each additional injured victim only where the defendant was convicted of felony drunk driving. Because the trial court in this case applied the enhancements to the manslaughter sentence, the Court of Appeal accepted the Attorney General's concession that the sentence was improper. (See fn. 6., *ante,* at p. 802.) Subsequent to the Court of Appeal's decision, however, and in response thereto, the Legislature amended the statute to provide that any person who causes "bodily injury *or death* to more than one victim in any one instance of driving" may receive an enhancement of one year for each additional injured victim. (Stats. 1988, ch. 1264, § 1, italics added; see fn. 4, *ante.*) ▆ ▆▆ ▆ As thus amended the statute provides an additional sentencing option where, as here, a single drunk-driving incident results in both death and injury.[8]

▆ There is no merit, however, to defendant's contention that the amendment signals a legislative intent to prohibit the imposition of separate sentences for vehicular manslaughter and felony drunk driving. On the contrary, the amendment provides additional support for the conclusion that separate punishment is permissible. The Legislature acted promptly to remedy a loophole in the former law—identified by the Court of Appeal in this very case—which permitted sentence enhancements for additional injured victims where the defendant was convicted of felony drunk driving

---

[8] Of course, a sentence enhancement imposed pursuant to Vehicle Code section 23182 may not be based upon the same count for which a separate felony drunk driving sentence is imposed.

but not vehicular manslaughter. Yet, significantly, the Legislature left *undisturbed* the core holding of the Court of Appeal in the *same* decision, to wit, that separate punishment may be imposed where a single drunk-driving incident results in multiple injuries and separate convictions of felony drunk driving and vehicular manslaughter. Thus, we are persuaded that the Court of Appeal's conclusion in this regard was correct.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Broussard, J., Panelli, J., Arguelles, J., and Eagleson, J., concurred.

**MOSK, J.**—I dissent.

If we could proceed under principles of moral culpability defendant could be, and deserves to be, punished for both vehicular manslaughter (former Pen. Code, § 192, subd. (c)(3), Stats. 1984, ch. 742, § 1, pp. 2703-2704) and felony drunk driving (Veh. Code, § 23153, subd. (a)). But unlike the majority, I conclude that under the unequivocal positive law as declared in Penal Code section 654 (hereinafter section 654) defendant may not be punished for both offenses.

Section 654 provides in relevant part that "An act or omission which is made punishable in different ways by different provisions . . . may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." Thus, a person who commits a single criminal *act* may receive only a single punishment, even though his act may constitute several criminal *offenses*.

In the case at bar, defendant committed a single criminal act: driving a motor vehicle while intoxicated. It is true that defendant's act resulted in two criminal offenses: vehicular manslaughter and felony drunk driving. That it did so, however, has a single legal consequence: under section 654 defendant may be punished for either one of the two offenses, but not both.

I recognize that section 654 has been held not to apply when a single act amounts to a crime against each of two or more persons. (See, e.g., *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839] [attempted murder of two persons].) This "exception," however, is not operative here: although vehicular manslaughter is plainly a crime against the person, felony drunk driving—regardless of its consequences—is not (see *People* v. *McNiece* (1986) 181 Cal.App.3d 1048, 1064 [226 Cal.Rptr.

733]; *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75, 79-80 [95 Cal.Rptr. 547] [construing the relevantly similar predecessor of Veh. Code, § 23153, subd. (a)]).

For the foregoing reasons, I dissent.