[No. H008710. Sixth Dist. June 5, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL RAMIREZ, Defendant and Appellant.

**COUNSEL**

Jeffrey M. Evans, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PREMO, J.**—After this court remanded appellant's case to the trial court, judgment of conviction on four counts relating to arson and the explosion of destructive devices was reentered. ■ Appellant Daniel Ramirez now claims the conviction and imposition of consecutive sentences on two counts of exploding a destructive device with intent to commit murder (Pen. Code, § 12308)[1] was error. He contends that since he exploded a single device, he committed the actus reus of the crime but once, and "[t]he fact that appellant may have intended to murder two victims by exploding the device does not give rise to two violations of section 12308." We disagree and affirm.

---

[1]Further statutory references are to the Penal Code unless otherwise stated.

## FACTS

At 2 a.m. on November 14, 1986, appellant threw a Molotov cocktail into the apartment where his former girlfriend Theresa Caudillo, her mother Dora Navarro, three of Navarro's grandchildren: 6-year-old Darlene, 4-year-old Armando, and 15-month-old Amanda Areola, and Carolyn Sperry and her 8-year-old son Michael were sleeping. Sperry and her son went outside through the front door; Navarro broke the bedroom window and helped her daughter and two grandchildren to escape; Sperry returned to the living room and rescued Amanda. Sperry and Amanda were badly burned.

A neighbor had observed appellant holding a bottle with a burning wick and saw him throw it into the apartment. Navarro also saw appellant standing in front of her apartment and then throw something toward it. She heard a "bang" and saw the fire spread through the apartment. Earlier that evening, appellant had threatened to blow up Navarro's car if Caudillo did not go with him, and he told Michael Sperry: "you're going to burn."

After appellant's motion to suppress evidence was denied, he pled guilty[2] to one count of arson with bodily injury (§ 451, subd. (a)), one count of exploding a destructive device with bodily injury (§ 12309), and two counts of exploding a destructive device with intent to commit murder of Theresa Caudillo and Dora Navarro (§ 12308, counts 3 and 4). He also admitted the personal use of a deadly and dangerous weapon, namely, a bomb and Molotov cocktail. (§ 12022, subd. (b).) The court imposed sentence of 14 years and 8 months. Two consecutive sentences of 2 years and 4 months each were imposed for counts 3 and 4. These counts are the subject of this appeal.[3]

## DISCUSSION

For his contention that he may be charged and convicted of only one count of exploding a dangerous device with intent to commit murder, appellant relies on *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134]. In a case questioning "whether one instance of driving under

---

[2]Appellant's plea was entered pursuant to *North Carolina* v. *Alford* (1970) 400 U.S. 25 [27 L.Ed.2d 162, 91 S.Ct. 160], in that he denied the charges but accepted the plea bargain "because he realizes it's in his best legal interests."

[3]In appellant's first appeal to this court, we reversed and remanded for further proceedings on appellant's motion to suppress evidence. (*People* v. *Ramirez* (Feb. 20, 1991) H008710 [nonpub. opn.].) Appellant raised the present issue in the first appeal, but we considered it unripe for decision at that time. (We granted appellant's request to take judicial notice of the record in the first appeal.) On remand, appellant abandoned his suppression motion. The court reinstated the conviction and judgment. This appeal ensued.

the influence which causes injury to several persons is chargeable as one count of driving under the influence or as several" (*id.* at p. 347), the Supreme Court held that regardless of the number of persons injured, one act of drunk driving is chargeable as only one count. The court stated that "a charge of multiple counts of violating a statute is appropriate only where the actus reus prohibited by the statute—the gravamen of the offense—has been committed more than once." (*Id.* at p. 349.)

Commenting in a later case, the Supreme Court explained: "Our holding was based upon the express language of the statute, which defines the offense principally in terms of driving while intoxicated rather than the injuries which result therefrom, as well as evidence that the Legislature clearly intended only one violation of the statute regardless of the number of victims. . . .

"In so holding, however, we observed '[b]y way of contrast, . . . [that] the actus reus of vehicular manslaughter is homicide—the unlawful killing of a human being.' [Citation.] Though the issue was not squarely before us, we used the occasion to approve a nearly unbroken line of Court of Appeal decisions holding that 'a defendant [who] commits several homicides in the course of a single driving incident . . . has committed the act prohibited by the statute several times.' [Citations.] ▪▪▪ This rule is consistent, we explained, with the settled principle that multiple punishment is permissible where a *single act* of violence injures or kills multiple victims. [Citations.] As we explained in *People v. Miller, supra,* 18 Cal.3d 873, when a defendant ' "commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons," his greater culpability precludes application of section 654.' " (*People v. McFarland* (1989) 47 Cal.3d 798, 802-803 [254 Cal.Rptr. 331, 765 P.2d 493], quoting *People v. Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552], which quotes *Neal v. State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].)

▪▪▪ Appellant specifically disclaims section 654 as a basis for this appeal. He insists his contention "involves a question of determining the allowable 'unit of prosecution.' (See *Castaldi v. United States* (8th Cir. 1986) 783 F.2d 119, 121.)" He asserts: "That question is, in turn, a matter of construing section 12308; when a person admits exploding a device in violation of section 12308, may he suffer as many convictions under that statute as his act has victims?"

*Castaldi* stated that the "allowable unit of prosecution" for a federal offense is a matter exclusively within the discretion of Congress, subject to

constitutional limitations; that when Congress fails to set the unit of prosecution with clarity, doubt as to congressional intent is resolved in favor of lenity for the accused; and that the "rule of lenity" is a rule of statutory construction to be applied only when congressional intent is ambiguous. (*Castaldi* v. *United States* (8th Cir. 1986) 783 F.2d 119, 121.)

In California, the Legislature declared that "[a]ll the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by [the Penal] Code." (§ 948.) Our Supreme Court has held that the state has the right to establish forms of pleading for its own courts, subject only to federal constitutional provisions protecting life, liberty, and property in all the states. (*People* v. *Covington* (1934) 1 Cal.2d 316, 320 [34 P.2d 1019].)

"In charging an offense, each count shall contain . . . a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language . . . . It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. . . ." (§ 952.)

Appellant was charged with separate public offenses against separate individuals in counts 3 and 4. Although he compares his conduct to that of a drunk driver who injures or kills multiple victims and was charged with a driving under the influence offense under the Vehicle Code, in *Wilkoff* itself the court stated the distinction between the two charges that could have been filed against Wilkoff—vehicular manslaughter and driving under the influence causing great bodily injury or death. The court declared: "[T]he Legislature has chosen to draw a line at this point by defining one crime in terms of an act of violence against the person ('unlawful killing') and placing it in the Penal Code, while defining the other in terms of an act of driving and placing it in the Vehicle Code." (*Wilkoff* v. *Superior Court*, *supra*, 38 Cal.3d at p. 350, fn. 6.)

In *McFarland*, the court added: "Indeed, the Legislature reinforced this distinction in 1983 by amending the manslaughter and drunk driving statutes to provide that an intoxicated driver who kills another person is not chargeable under the Vehicle Code, but may only be charged under the manslaughter statutes of the Penal Code. [Citations.]" (*People* v. *McFarland*, *supra*, 47 Cal.3d at p. 804.)

Section 12308 defines the crime, exploding a destructive device with intent to commit murder, "in terms of an act of violence against the person."

The prosecution correctly charged appellant with the commission of an act of violence directed against the person of Dora Navarro and of an act of violence directed against the person of Theresa Caudillo.

We note that a charge is just a charge. The evidence may substantiate one, both, or neither. But in the event that both are proven, as in this case, section 654 prohibiting multiple punishment becomes relevant.

■ Even under section 654, if the defendant "entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People* v. *Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].) "For example, a defendant who chooses a means of murder that places a planeload of passengers in danger, or results in injury to many persons, is properly subject to greater punishment than a defendant who chooses a means that harms only a single person." (*Neal* v. *State of California, supra*, 55 Cal.2d 11, 20.)

Appellant was correctly charged and sentenced.

DISPOSITION

The judgment is affirmed.

Capaccioli, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied June 17, 1992, and appellant's petition for review by the Supreme Court was denied August 27, 1992.