Filed 10/7/21  P. v. Oliver CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ASHLEY OLIVER,<br><br>    Defendant and Appellant. | H048338<br>(Santa Clara County<br>Super. Ct. No. C1909680) |

Appellant Ashley Oliver was convicted by plea of gross vehicular manslaughter of one person and driving under the influence of alcohol and proximately causing injury to another after she drove while intoxicated and collided with another car.  Oliver challenges her conviction for driving under the influence, arguing it is a lesser included offense of gross vehicular manslaughter.  She also asserts the trial court erred in imposing a consecutive sentence.  For the reasons set forth below, we reject her contentions and affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

On May 11, 2019, at approximately 2:00 a.m., Oliver was driving on Highway 17 with an approximate blood alcohol level of 0.10 percent, after having consumed eight

shots of whiskey and rum.[1]  She drove into oncoming traffic and collided with another car carrying five teenagers.  The driver of the other car, Billie Doe,[2] and three passengers in the car, Brianna Doe, Julian Doe, and Collette Doe, were seriously injured and a fourth passenger, Armando Doe was killed.

Oliver was charged by complaint with gross vehicular manslaughter of Armando Doe (Pen. Code, § 191.5, subd. (a)[3] (hereafter section 191.5(a)); count 1) with an allegation of personal infliction of great bodily injury (§§ 667 & 1192.7); driving under the influence of alcohol and proximately causing injury to Armando Doe (Veh. Code, § 23153, subd. (a); count 2) with three allegations of personal infliction of great bodily injury against, respectively, Armando Doe, Billie Doe, and Brianna Doe, (§§ 12022.7, subd. (a) & 1203, subd. (e)(3)) and two allegations of proximately causing injury to another person (Julian Doe and Collette Doe) (Veh. Code, § 23558); and driving under the influence of alcohol with a blood alcohol level of 0.08 percent and proximately causing injury to Armando Doe (Veh. Code, § 23153 subd. (b) (hereafter Veh. Code, § 23153(b)); count 3) with three allegations of personal infliction of great bodily injury against, respectively, Armando Doe, Billie Doe, and Brianna Doe, (§§ 12022.7, subd. (a) & 1203, subd. (e)(3)) and two allegations of proximately causing injury to another person (Julian Doe and Collette Doe) (Veh. Code, § 23558)).

On January 15, 2020, the prosecutor moved to amend the complaint.  Specifically, she amended the allegation in count 1 to allege the infliction of great bodily injury upon a non-accomplice under sections 667 and 1192.7, amended the named victim in count 3 from Armando Doe to Julian Doe, and struck the great bodily injury enhancement on count 3 as to Armando Doe.  The prosecutor also indicated that, once Oliver pleaded to

---

[1] Oliver was convicted by plea; these facts are taken from the probation report prepared for her sentencing.

[2] As the victims were minors, we refer to them—as do the parties—by their first names and the pseudonym "Doe."

[3] Unspecified statutory references are to the Penal Code.

count 3, she would move to strike count 2 and the enhancements "because count 2 and count 3 represent the (a) and the (b) count of the D.U.I." Oliver's trial counsel stated that Oliver would enter an "open plea" to the remaining counts.

The trial court informed Oliver that she faced a maximum prison sentence of 12 years and eight months for counts 1 and 3 and their accompanying allegations. Oliver waived her right to trial and associated rights, pleaded no contest to count 1 and admitted the allegations attached to that count. She also pleaded no contest to the amended count 3 (naming Julian Doe as the victim) and admitted the associated allegations.

In her sentencing memorandum to the trial court, filed in anticipation of sentencing, Oliver argued that count 3 (Vehicle Code, section 23153, subdivision (b)), is a lesser included offense of section 191.5, and therefore she could not be convicted of both offenses. She asked the trial court to strike her conviction for count 3 and to give her a probationary sentence.

The prosecutor also filed a sentencing memorandum. The prosecutor asserted that the trial court could lawfully convict Oliver of both counts 1 and 3, and impose separate sentences on them, because each count named a different victim. The prosecutor stated that the trial court should not impose a probationary sentence on Oliver but should instead sentence her to eight years and eight months in prison.

The probation officer who authored the probation report recommended the trial court impose four years on count 1 with a consecutive one-year term for the associated enhancement and a consecutive sentence of eight months on count 3 with a one-year consecutive term for the two section 12022.7 subdivision (a) enhancements and a four-month consecutive term for one of the Vehicle Code section 23558 enhancements,[4] for an aggregate term of seven years' imprisonment.

---

[4] The probation report recommended the court stay the punishment on the second Vehicle Code section 23558 enhancement pursuant to section 654.

3

On July 6, 2020, the trial court conducted Oliver's sentencing hearing. Oliver repeated her contention that the trial court could not convict her of both counts 1 and 3 because count 3 is a lesser included offense of count 1. Both Oliver and the prosecutor agreed that the trial court could not impose unstayed sentences on both the section 12022.7, subdivision (a) and the Vehicle Code enhancements.

The trial court stated it could sentence Oliver on both counts 1 and 3 because the counts had different named victims. The trial court elected not to impose a probationary sentence because of the seriousness of the victims' injuries and their vulnerability. In describing how it selected the appropriate term for count 1, the trial court stated "once I weigh the factors in aggravation versus mitigation, I find that they are even to one another. If they are even to one another, in other words, it's an equal balance, then Penal Code [s]ection 1170(b) says that if I impose a sentence, it has to be the mid-term sentence, something in the middle. . . . so that means I have to impose the middle term. So the Court is going to impose the six years [o]n Count 1, which is the middle term." With respect to the sentence on count 3, the trial court said, "I already have told you that we can impose a sentence for that consecutive to Count 1; so it's one-third the mid-term of that, which is eight months was the max [*sic*] I can give on that."

The trial court imposed a prison term of six years on count 1 with a consecutive one-year term on the associated enhancement and eight months on count 3, to run consecutively to count 1, with one year for one of the section 12022.7, subdivision (a) enhancements, to run consecutively. The court struck the punishment on the remaining enhancements, for an aggregate sentence of eight years and eight months. The trial court ordered victim restitution, awarded 486 days of custody credits and imposed various fines and fees.[5]

---

[5] Although the trial court did not do so on the record, the minute order for the sentencing hearing indicates that the court dismissed count 2 and the associated allegations.

4

The trial court granted Oliver a certificate of probable cause for this appeal.

## II. DISCUSSION

Oliver asserts the trial court erred by entering a conviction on count 3 because it is a necessarily included offense of count 1. Oliver contends that a number of prior cases, in particular *People v. Miranda* (1994) 21 Cal.App.4th 1464 (*Miranda*), have held that the crime of driving while intoxicated resulting in injury is a lesser included offense of gross vehicular manslaughter while intoxicated and therefore a defendant cannot be convicted of both crimes. Oliver recognizes that *People v. Machuca* (2020) 49 Cal.App.5th 393 (*Machuca*) held that a court may lawfully convict an individual for both offenses if they have different named victims, but she argues the case was wrongly decided. She contends the identity of the victim is not an element of either offense and therefore is irrelevant to the multiple conviction analysis. The Attorney General urges this court to follow *Machuca* and affirm the judgment.

In the alternative, Oliver maintains the trial court erred when it imposed a consecutive sentence on count 3. Citing to California Rules of Court, rule 4.425(a),[6] Oliver asserts the relevant factors weigh in favor of concurrent terms on counts 1 and 3 and that the trial court, having found that the aggravating and mitigating factors were "even to one another," could not impose a consecutive sentence on count 3 under rule 4.425. Oliver requests this court to reverse the judgment on count 3 or order that the sentences on counts 1 and 3 be served concurrently.

With respect to Oliver's contention that the trial court should have imposed concurrent terms on counts 1 and 3, the Attorney General argues Oliver forfeited this claim by failing to object on this ground in the trial court and that, in any event, Oliver cannot show prejudice because two valid aggravating factors support consecutive sentencing—the vulnerability of the victims and the "horrific" nature of the crimes.

---

[6] Unspecified rule references are to the California Rules of Court.

5

Oliver responds that her failure to object should be excused on the ground of futility because the trial court lacked the authority to impose a consecutive term. Finally, Oliver contends that she has established prejudice in light of the trial court's finding that the aggravating and mitigating factors were in balance, and therefore the trial court could not reasonably conclude that the factors in aggravation supported a consecutive term.

A. *Multiple Convictions*

In count 1, Oliver was convicted by plea of the crime of vehicular manslaughter of Armando Doe while intoxicated, in violation of section 191.5(a). In count 3, she was convicted of driving under the influence with a blood alcohol level of 0.08 percent and proximately causing injury to Julian Doe, in violation of Vehicle Code, section 23153(b). Oliver contends she could not, under the terms of section 954 and associated case law, lawfully be convicted of both crimes.

"Section 954 generally permits multiple conviction. Section 654 is its counterpart concerning punishment." (*People v. Correa* (2012) 54 Cal.4th 331, 337 (*Correa*).) A person can generally be convicted of more than one crime arising out of the same act or course of conduct, although not punished for both. (*People v. Reed* (2006) 38 Cal.4th 1224, 1226; see §§ 954; 654.) But "[a] judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.' " (*Reed*, at p. 1227.) " ' "[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." ' " (*Correa*, at p. 337.) In determining whether a crime is a lesser included offense, we look only to the statutory elements of the offenses in question. (*Reed*, at p. 1231.)

If a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. (*People v. Sanders* (2012) 55 Cal.4th 731, 736 (*Sanders*).) We review de novo

6

whether a defendant may lawfully be subject to multiple convictions. (*People v. Duffy* (2020) 51 Cal.App.5th 257, 261.)

In *Miranda*, *supra*, 21 Cal.App.4th 1464, this court held that a conviction of Vehicle Code section 23153 is a necessarily included offense of section 191.5 when the same person is the victim of both crimes. This court stated, "One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if *that person* dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred. The People do not suggest how a victim could be killed by a moving vehicle and not incur injury in the process." (*Miranda*, at p. 1468, italics added.) The relevant convictions in *Miranda* involved a single victim; this court ordered the Vehicle Code section 23153 convictions reversed. (*Miranda*, at p. 1468.)

The Fifth District Court of Appeal in *Machuca*, *supra*, 49 Cal.App.5th 393, distinguished *Miranda* and held that Vehicle Code section 23153 is not a necessarily lesser included offense of section 191.5(a) when the offenses involve different named victims. (*Machuca*, at pp. 400–401.) The *Machuca* majority reasoned that "any violation of Vehicle Code section 23153 requires that the defendant caused bodily injury to a person. When someone other than the manslaughter victim is injured, charges for both gross vehicular manslaughter while intoxicated and felony drunk driving are permissible." (*Id*. at p. 403.)

Oliver acknowledges that her contention that she may not lawfully be convicted of counts 1 and 3 would require us to reject *Machuca*. We decline to do so. While we are not bound by an opinion from another district, we respect stare decisis and " 'ordinarily follow the decisions of other districts without good reason to disagree.' " (*People v. The North River Ins. Co.* (2019) 41 Cal.App.5th 443, 454–455.) Oliver's arguments against *Machuca* do not persuade us that we face such a situation here.

7

It is true that, in deciding whether a defendant may not be convicted of multiple offenses because one is necessarily included in the other, we look to the elements of the offense rather than the facts elicited at trial or the language of the accusatory pleading. (*Sanders*, *supra*, 55 Cal.4th at p. 739.) However, the analysis of multiple convictions under section 954 also depends upon the specific crimes of conviction. "The doctrine of lesser included offenses is, at its core, a doctrine about legislative intent. It 'is part of the constitutional guarantee against double jeopardy.' . . . Importantly, double jeopardy principles do not bar a legislature from authorizing multiple convictions and multiple punishments for necessarily included offenses. [Citations.] Instead, the rule against multiple convictions of necessarily included offenses is a judicially created doctrine premised on the notion that the legislature 'ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.' " (*Sanders*, at p. 745 (conc. opn. of Liu, J.).) Relevant precedent examining the relationship between the particular crimes at issue supports *Machuca*'s holding.

In particular, the California Supreme Court examined the relationship between vehicular manslaughter and drunk driving in *People v. McFarland* (1989) 47 Cal.3d 798 (*McFarland*). In that case, "The question presented . . . [was] whether separate punishment is permissible where a defendant, in a single incident, commits vehicular manslaughter as to one victim, in violation of former section 192, subdivision (c)(3), and drunk driving resulting in injury to a separate victim, in violation of Vehicle Code section 23153, subdivision (a)." (*Id*. at p. 803.) In reaching its conclusion that separate punishment was permissible, the court concluded "the general rule permitting multiple punishments when multiple injuries result from a single act of violence, governs this matter. . . . 'A defendant may properly be convicted of multiple counts for multiple victims of a single criminal act . . . where the act prohibited by the statute is centrally an

8

"act of violence against the person."  [Citations.]  Plainly, vehicular manslaughter with gross negligence constitutes a crime of violence against the person."  (*Ibid.*, italics omitted.)

In deciding that imposing punishment for both convictions was lawful, the California Supreme Court highlighted the distinct harms targeted by the two statutes: " '[T]he Legislature has chosen to draw a line at this point by defining one crime in terms of an act of violence against the person ("unlawful killing") and placing it in the Penal Code, while defining the other in terms of an act of driving and placing it in the Vehicle Code.' "  (*McFarland*, *supra*, 47 Cal.3d at p. 804.)  Based on the legislative history of the statutes and its own precedents, the California Supreme Court held that "[w]here, as here, the defendant is charged with vehicular manslaughter as to one victim and drunk driving with injury as to another, the imposition of separate sentences does not violate section 654."  (*Id*. at pp. 804–805.)

As Oliver points out, *McFarland* does not control this case.  The court in *McFarland* analyzed the question of separate punishment under section 654, rather than the propriety of separate convictions under section 954.  But the two statutes are closely related.  For example, in its analysis of section 654 in *Correa*, *supra*, 54 Cal.4th 331, the California Supreme Court examined a number of cases discussing multiple convictions: "While these cases all tangentially refer to punishment, they do so because each held that the defendants were wrongfully convicted of multiple offenses when only a single crime was committed.  Naturally, because the convictions failed, any punishment based on them would also be set aside."  (*Id*. at p. 340, italics omitted.)  Similarly, if the defendant in *McFarland* could not have been *convicted* of both section 192 and Vehicle Code section 23153, then the question whether he could have been punished for both offenses under section 654 would have been irrelevant.  We agree with the court in *Machuca* that "*McFarland* necessarily suggests a defendant may properly be convicted under both Penal Code section 191.5, subdivision (a) and Vehicle Code section 23153, subdivision

9

(a) when the offenses involve different victims." (*Machuca*, *supra*, 49 Cal.App.5th at p. 402.)

Having examined these cases, the other decisions and statutes cited by Oliver in her briefing in this court, and case law interpreting section 954, we decline Oliver's invitation to reject *Machuca*. We decide that, because counts 1 and 3 named different victims, Oliver's conviction of Vehicle Code section 23153(b) was not a necessarily included offense of section 191.5(a), and the trial court did not err in convicting her of both offenses.

B. *Consecutive Sentencing*

Oliver argues the trial court erred under rule 4.425 in imposing a sentence on count 3 consecutive to count 1. As the Attorney General points out, Oliver failed to tender the objection she raises here before the trial court.[7] By failing to timely raise this claim that the trial court failed "to properly make or articulate its discretionary sentencing choices" (*People v. Scott* (1994) 9 Cal.4th 331, 353), Oliver has forfeited it on appeal.

Even assuming her claim is not forfeited, we would reject it. To the extent the trial court erred in the reason it articulated for imposing a concurrent sentence, the error was not prejudicial. The trial court imposed the middle term on count 1 and identified aggravating factors justifying its departure from the lower term. Under rule 4.425, in imposing a consecutive sentence, the trial court may rely on the same aggravating factors it considered to impose the middle term. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1104.) In explaining its sentencing decisions here, the trial court cited as an aggravating factor that the victims were particularly vulnerable because they did not have an opportunity to avoid the fatal collision. This factor constitutes sufficient justification for imposing a consecutive sentence on count 3.

---

[7] Oliver did argue that the crimes in counts 1 and 3 do not "fit under" rule 4.425, but she did not assert that the trial court could not impose a consecutive sentence in light of the trial court's other findings at the sentencing hearing.

We do not agree with Oliver that the trial court could not sentence consecutively in light of its finding that the aggravating and mitigating factors were "even to one another." Oliver points to no authority for this assertion, and we see nothing in the text of rule 4.425 that supports it.

In light of the egregiousness of the criminal conduct here, particularly that Oliver drove while intoxicated late at night on the wrong side of a highway and killed one teenager and seriously injured four others, it is not reasonably probable that the trial court would have imposed concurrent instead of consecutive terms if Oliver had raised the objection to the sentence she makes here.

## III. DISPOSITION

The judgment is affirmed.

_____
                   Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H048338**
*People v. Oliver*