Filed 5/24/22  P. v. Marinovich CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AUGUSTUS MATTHEW MARINOVICH,<br><br>Defendant and Appellant. | F082552<br><br>(Super. Ct. No. CRF64924)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Smith, J. and Snauffer, J.

Defendant Augustus Matthew Marinovich contends on appeal that his sentences on counts 3 and 4 should be stayed pursuant to Penal Code section 654.[1]  The People agree.  We stay defendant's sentences on counts 3 and 4, and affirm in all other respects.

## PROCEDURAL SUMMARY

On November 2, 2020, the Tuolumne County District Attorney filed a complaint charging defendant with gross vehicular manslaughter (§ 191.5, subd. (a), count 1); driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a), count 2); driving with 0.08 percent blood-alcohol content causing injury (Veh. Code, § 23153, subd. (b), count 3); and driving under the influence of alcohol and drugs causing injury (Veh. Code, § 23153, subd. (g), count 4).  The complaint further alleged as to counts 2 through 4 that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) on three people and personally inflicted great bodily injury on a fourth person, causing him to become comatose due to a brain injury and suffer paralysis (§ 12022.7, subd. (b)).

On January 22, 2021, defendant pled guilty to all of the charges and admitted all of the special allegations.  The plea was "open" and there was no agreement as to sentencing.

On March 5, 2021, the trial court sentenced defendant to an aggregate prison term of 11 years four months, calculated as follows:  six years on count 1 (the midterm); eight months on count 2 (one-third of the midterm of two years) to be served consecutively to the term in count 1, plus one year for the section 12022.7, subdivision (a) enhancement (one-third of the three-year enhancement) and 20 months for the section 12022.7, subdivision (b) enhancement (one-third of the five-year enhancement); two years on count 3 to be served concurrently to the term in count 1, plus one year for the section 12022.7, subdivision (a) enhancement (one-third of the three-year

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

enhancement); and two years on count 4, also to be served concurrently, plus one year for the section 12022.7, subdivision (a) enhancement (one-third of the three-year enhancement).

On March 19, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On October 26, 2020, defendant drove while under the influence of marijuana, benzodiazepines, and alcohol, with a blood-alcohol content of 0.14 percent. While he was driving, he crossed a double yellow line and collided with a vehicle driven by Melissa P., killing her and seriously injuring her four minor children, Audrey S., Nathan S., Austin S., and Jordan S. Jordan was left temporarily in a coma as a result of the crash. He survived, but was left blind in one eye, deaf in one ear, and will require many more surgeries in the future.

## DISCUSSION

Defendant contends his sentence on counts 3 and 4 should be stayed pursuant to section 654, because his convictions for counts 2 through 4 resulted from the same underlying act. The People agree, as do we.

Here, defendant committed one act—driving while under the influence of drugs and alcohol, which killed one victim, and seriously injured four others. Consequently, defendant was convicted of four separate crimes: gross vehicular manslaughter (§ 191.5), driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)), driving with a blood-alcohol content greater than 0.08 percent causing injury (Veh. Code, § 23153, subd. (b)) and driving under the combined influence of alcohol and a drug causing injury (Veh. Code, § 23153, subd. (g)). Defense counsel noted to the trial court during sentencing, "I believe in Count 3 and in Count 4 are by operation of [section] 654." When the trial court sentenced defendant to the two-year midterm for count 3 and the two-year midterm for count 4, to be served concurrently to the sentences in counts 1 and 2, it stated, "That's because of … Section 654."

3.

Section 654 provides:

"[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).)

Section 654 limits punishment for multiple offenses where the "act or omission" or course of conduct is indivisible in time and pursued according to a single objective or intent. (*People v. Beamon* (1973) 8 Cal.3d 625, 639.) A single act can be punished more than once, however, if it impacts multiple victims. (*Ibid.*) The "multiple victims" exception to section 654 applies only to crimes of violence. Section 191.5 is a crime of violence. (See *People v. McFarland* (1989) 47 Cal.3d 798, 804.) Vehicle Code section 23153 is not a crime of violence. (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 352.) Section 654 permits separate punishments when a single act of driving under the influence kills one person and injures another. (*McFarland*, at p. 804.)

When the facts of the case are undisputed, as they are here, the application of section 654 raises a question of law, which is reviewed de novo. (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

As defendant's conviction in count 1 for gross vehicular manslaughter (§ 191.5) is considered a crime of violence but his conviction in count 2 for driving under the influence causing injury (Veh. Code, § 23153) is not, section 654 permits separate punishment despite both stemming from his single act of driving under the influence of alcohol and drugs.

However, as section 654's "multiple victims" exception does not apply to Vehicle Code section 23153 because it is not a crime of violence, defendant's single act of driving under the influence of drugs and alcohol can support only one punishment under that section, regardless of how many people are injured. Defendant was convicted and sentenced on three counts of driving under the influence causing injury. Accordingly, pursuant to section 654, two of those counts must be stayed. Defendant was properly

convicted of four crimes but his sentences on counts 3 and 4 must be stayed pursuant to section 654.

## **DISPOSITION**

The sentences on counts 3 and 4 are stayed. The trial court is directed to prepare an amended abstract of judgment and forward copies to the appropriate entities. In all other respects, the judgment is affirmed.