[No. D054037. Fourth Dist., Div. One. Dec. 29, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHELLE RENEE THOMPSON, Defendant and Appellant.

## Counsel

Michael Bacall, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Marcella O. McLaughlin, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HUFFMAN, Acting P. J.**—Michelle Renee Thompson entered a negotiated guilty plea to gross vehicular manslaughter while intoxicated (Pen. Code,[1] § 191.5, subd. (a)) and driving under the influence of alcohol or drugs causing injury (Veh. Code, § 23153, subd. (a)). Thompson also admitted she had a prior serious/violent felony or strike conviction (§ 667, subds. (b)–(i)) and a prior serious felony conviction (§ 667, subd. (a)(1)). In exchange for the guilty plea, the prosecution dropped the remaining charges. The trial court orally pronounced Thompson's sentence as 27 years eight months in prison, but the minute order and the abstract of judgment in the clerk's transcript indicated the sentence is 26 years four months in prison. The plea bargain form stated that the maximum punishment Thompson could receive as a result of the plea bargain was 26 years four months in prison.

Thompson appeals, contending (1) the oral pronouncement of sentence was erroneous, and (2) it was error to impose consecutive sentences. The first contention is correct, but not the second contention.

### FACTS

In January 2007, Thompson was a part-time caregiver for Roxy Conyers, a 92-year-old woman who resided in Carlsbad. On January 22, Thompson was driving Conyers to the market southbound on Carlsbad Boulevard/Pacific Coast Highway when the car veered off the roadway and almost collided with a parked vehicle. Thompson swerved and turned 180 degrees toward oncoming northbound traffic and collided with a sports utility vehicle (SUV) driven by Jennifer Frost.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

Conyers died at the scene as a result of blunt force trauma. Frost, who sustained a lacerated liver, and other injuries, was hospitalized for three days, missed a month's work and was subsequently treated for posttraumatic stress disorder. Thompson also was injured and taken to the hospital.

Toxicology tests showed that Thompson had amphetamine and methamphetamine in her bloodstream. She also tested positive for the presence of opiates and marijuana. A bindle of methamphetamine and a pipe were found in her purse. Thompson had been driving with a suspended driver's license.

## DISCUSSION

### I

According to the reporter's transcript, the trial court sentenced Thompson to the upper term of 10 years on the gross vehicular manslaughter while intoxicated count and doubled it under the three strikes law (§ 667, subd. (e)) for 20 years on that count.

On the driving under the influence and causing injury count, the court stated: "I'll select one-third the mid[dle term], which is 1 [year], 4 [months]. However, that's also going to be doubled because of Penal Code section 667[, subdivision (e)] for . . . 2 years, 8 months."

Later, when the probation officer questioned the sentence on this count, the court twice reiterated it was doubling one-third of the middle term of one year four months, and imposing a term of two years eight months for this count.

The court then added the five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)(1)) and imposed an aggregate sentence of 27 years eight months on Thompson.

■ The problem with the court's oral pronouncement of sentence is the court was mistaken in stating that one-third of the middle term for Vehicle Code section 23153 is one year four months. Vehicle Code section 23153 is punishable by imprisonment in prison for a term of 16 months, two years or three years. (Pen. Code, § 18.) The middle term for Vehicle Code section 23153 is two years (Pen. Code, § 18), and, therefore, one-third of the middle

term is eight months. The proper calculation under the three strikes law would have been to double eight months—not one year four months—and impose a sentence of one year four months for the Vehicle Code section 23153 count.

■ This correct calculation of the term for the Vehicle Code section 23153 count is reflected in the court's minutes and the abstract of judgment, along with the correct aggregate sentence of 26 years four months. We realize the general rule is that the oral pronouncements of the court are presumed correct. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337].) Nonetheless, under these circumstances, we will deem the minute order and the abstract of judgment to prevail over the reporter's transcript. (*People v. Cleveland* (2004) 32 Cal.4th 704, 768 [11 Cal.Rptr.3d 236, 86 P.3d 302]; *People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].) When the record is in conflict and cannot be harmonized, " '. . . that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence . . . .' " (*People v. Smith, supra*, at p. 599.) The erroneous statements in the reporter's transcript are of no effect. (*People v. Cleveland, supra*, at p. 768.)

II

Thompson contends the trial court erred by imposing consecutive sentences on the manslaughter and driving under the influence with injury counts. The contention is without merit.

■ In *People v. McFarland* (1989) 47 Cal.3d 798 [254 Cal.Rptr. 331, 765 P.2d 493], our California Supreme Court concluded that section 654 does not prohibit separate punishment where a drunk driver kills one victim (vehicular manslaughter) and injures another (causing bodily injury while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a)) because "vehicular manslaughter with gross negligence constitutes a crime of violence against the person" and thus "where, as here, a defendant commits vehicular manslaughter with gross negligence—an act of violence against the person—he may properly be punished for injury to a separate individual that results from the same incident." (*People v. McFarland, supra*, at pp. 803–804, fn. omitted.) It is permissible to impose consecutive sentences in order to make the punishment commensurate with the defendant's degree of culpability. (*Id.* at p. 804.)

## DISPOSITION

The correct sentence is reflected in the court's minutes and the abstract of judgment—not in the court's oral pronouncement of sentence as stated in the reporter's transcript. As such, the judgment with the sentence of 26 years four months is affirmed.

O'Rourke, J., and Aaron, J., concurred.

A petition for a rehearing was denied January 19, 2010, and appellant's petition for review by the Supreme Court was denied April 14, 2010, S180024. George, C. J., did not participate therein.