Filed 12/30/14  P. v. Delacruz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B253873 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA079589) |
| v. | |
| RICHARD DELACRUZ, SR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Modified and, as so modified, affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Richard Delacruz, Sr. guilty of two counts of attempted murder, shooting at an occupied motor vehicle, and assault with a firearm. Delacruz contends sentence on one of the counts must be stayed pursuant to Penal Code section 654;[1] the trial court miscalculated when stating the aggregate term of imprisonment; and a great bodily injury enhancement should have been stayed pursuant to section 12022.53, subdivision (f), rather than section 654. Delacruz's contentions have merit, and we order the judgment modified accordingly.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*

In light of the issues presented, we briefly summarize the facts.

Appellant Delacruz was a member of the Santa Monica 13 criminal street gang and acted as a "shot-caller" for the gang. Victim Miguel Villafana was a member of the Sotel 13 criminal street gang, and victim Jose Lopez was a Sotel 13 gang affiliate. The Santa Monica 13 and Sotel 13 gangs were rivals.

On November 24, 2011, Lopez drove his Lexus to a 7-Eleven store located in an area claimed as the territory of the Sotel 13 gang. Villafana, who was intoxicated, accompanied him and was seated in the Lexus's front passenger seat. A friend of Villafana's sat in the back. Upon arrival at the 7-Eleven, Villafana's friend went inside the store to purchase food. Video surveillance cameras monitored the 7-Eleven.

Delacruz, driving a black Scion, parked at the 7-Eleven. Delacruz's two passengers went inside the 7-Eleven, while Delacruz paced back and forth outside. When his companions returned, Delacruz went to the back of Lopez's Lexus and fired multiple gunshots at the car. Two gunshots hit Villafana in his head and right arm. Bullets also struck the right rear door and the driver's side mirror.

Officers reviewed the store's surveillance videotapes and recognized Delacruz as the shooter and the Scion as his girlfriend's car.

---

[1] All further undesignated statutory references are to the Penal Code.

According to a gang expert, going into a rival gang's territory is a sign of disrespect. Assaulting a rival gang member in the rival's territory is a "major sign of disrespect."

2. *Procedure*

The jury found Delacruz guilty of the willful, deliberate, and premeditated attempted murders of Villafana and Lopez (counts 1 and 2, §§ 664, 187, subd. (a)); shooting at an occupied motor vehicle (count 3, § 246); and assault with a firearm (count 4, § 245, subd. (a)(2)). It further found that Delacruz personally inflicted great bodily injury on Villafana (§ 12022.7, subd. (a)); personally used and discharged a firearm, causing great bodily injury to Villafana (§ 12022.53, subds. (b), (c), (d)); and committed all the offenses for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further, and assist in gang members' criminal conduct (§ 186.22, subd. (b)). The trial court sentenced Delacruz to a term of 20 years, plus 95 years to life in prison.[2] It imposed a restitution fine, a suspended parole restitution fine, a criminal conviction assessment, and a court operations assessment. Delacruz appeals.

DISCUSSION

1. *Sentence on count 3 should have been stayed pursuant to section 654.*

The trial court sentenced Delacruz as follows. On count 1, the attempted murder of Villafana, the court imposed a sentence of 15 years to life, plus 25 years to life for the section 12022.53, subdivision (d) firearm use enhancement.[3] On count 2, the attempted murder of Lopez, the court imposed a consecutive term of 15 years to life, plus 20 years

---

[2]    During the sentencing hearing, the trial court mistakenly stated that the total term was 20 years plus 115 years to life. We address the court's misstatement *post.*

[3]    The sentence for willful, premeditated, deliberate attempted murder is life in prison with the possibility of parole. (§ 664, subd. (a); *People v. Gonzalez* (2012) 54 Cal.4th 643, 654.) When a gang enhancement is found true, the minimum parole eligibility period is 15 years. (§ 186.22, subd. (b)(5).)

3

for the section 12022.53, subdivision (c) firearm enhancement.  On count 3, shooting at an occupied motor vehicle, the court imposed a consecutive term of 15 years to life, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement.  The court stayed sentence on count 4, assault with a firearm, pursuant to section 654.

At the sentencing hearing, defense counsel argued that sentence on count 3, shooting at an occupied motor vehicle, should also have been stayed pursuant to section 654 because Delacruz had acted with a single intent and objective in all the offenses.  The trial court disagreed.  It reasoned that the Legislature "intended it to be a more serious crime if you shoot into a vehicle than if you shoot at somebody who is not in a vehicle."

Delacruz contends the trial court erred when it failed to stay sentence on count 3 pursuant to section 654.  The People concede the point.  We agree with the parties.

Section 654, subdivision (a), provides that an act or omission punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but not under more than one provision.  Thus, section 654 bars multiple punishments for separate offenses arising out of a single occurrence where all were incident to an indivisible course of conduct or a single objective.  (*People v. McKinzie* (2012) 54 Cal.4th 1302, 1368; *People v. Calderon* (2013) 214 Cal.App.4th 656, 661; *People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262.)  Whether a course of criminal conduct is divisible depends on the intent and objective of the actor.  If all the offenses were merely incidental to, or were the means of accomplishing one objective, the defendant may be found to have harbored a single intent and therefore may be punished only once.  (*People v. Capistrano* (2014) 59 Cal.4th 830, 885; *People v. Sok* (2010) 181 Cal.App.4th 88, 99; *People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)  However, if the defendant harbored multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct.  (*People v. Jones, supra,* at p. 1143; *People v. Sok, supra,* at p. 99.)  Whether section 654 applies in a given case is a question of fact for the trial court, and its findings will not be

reversed on appeal if there is any substantial evidence to support them. (*People v. Capistrano, supra,* at p. 886; *People v. Jones, supra,* at p. 1143.) To permit multiple punishment, " ' "there must be evidence to support [the] finding the defendant formed a separate intent and objective for each offense for which he was sentenced." ' " (*People v. Capistrano, supra,* at p. 886.)

Here, the trial court did not make a factual finding that Delacruz harbored separate intents and objectives in committing the offenses of attempted murder and shooting at an occupied motor vehicle. Instead, it declined to stay sentence on count 3 because it believed the Legislature intended to punish the crime of shooting at an occupied motor vehicle harshly. However, the conduct underlying each of the offenses was identical, and nothing in the record suggests Delacruz had multiple objectives. From the evidence adduced, the only reasonable conclusion was that Delacruz had a single intent and objective during the shooting: to shoot and kill the occupants of the Lexus. (See generally *People v. Sok, supra,* 181 Cal.App.4th at p. 100.) Accordingly, Delacruz may not be separately punished for count 3.[4]

Section 654 therefore requires a stay of sentence on count 3, as well as the related enhancements. (See *People v. Calles* (2012) 209 Cal.App.4th 1200, 1221 ["When the base term of a sentence is stayed under section 654, the attendant enhancements must also be stayed"].) We order the judgment modified accordingly.

2. *Correction of the record*

As noted *ante,* when orally pronouncing sentence the trial court imposed a determinate term of 20 years on count 2 for the section 12022.53, subdivision (c) firearm enhancement; three indeterminate terms of 15 years to life for the attempted murders and the shooting at an occupied motor vehicle offense (counts 1, 2, and 3); and two

---

[4]    Imposition of sentence on both the attempted murder counts was proper because Delacruz fired at two victims in the Lexus. The "multiple victim" exception to section 654 allows for separate punishment for each crime of violence against a different victim, even though all the crimes were part of an indivisible course of conduct with a single objective. (See *People v. Felix* (2009) 172 Cal.App.4th 1618, 1630-1631; *People v. Martin* (2005) 133 Cal.App.4th 776, 781.)

5

indeterminate terms of 25 years to life for the section 12022.53, subdivision (d) enhancements on counts 1 and 3. Thus, the total term imposed was a determinate term of 20 years, plus an indeterminate term of 95 years to life. However, when totaling the aggregate term, the trial court either misspoke or miscalculated, and stated that the "aggregate term is . . . 20 years determina[te]. And that is served first. And then there is a term of 115 years to life, which is served next." The abstract of judgment does not reflect the error. The court's minute order states that the total term is "115 years to life."

The parties agree that the court's oral statement regarding the aggregate term was erroneous. Delacruz requests that we direct that the oral pronouncement of judgment be corrected to accurately state the term imposed. The People contend that such action is unnecessary because the abstract of judgment is correct. In light of our conclusion *ante* that the consecutive sentence on count 3, as well as the attendant enhancements, must be stayed pursuant to section 654, the judgment must be modified in any event. Delacruz's aggregate sentence should be a determinate term of 20 years, plus 55 years to life in prison. We order correction of both the minute order and abstract of judgment to so reflect, and we deem the corrected minute order to prevail over any contrary statement in the reporter's transcript. (*People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Thompson* (2009) 180 Cal.App.4th 974, 978; *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3; cf. *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) The erroneous statement in the reporter's transcript is of no effect. (*People v. Cleveland, supra*, at p. 768; *People v. Thompson, supra,* at p. 978.)

3. *The great bodily injury enhancement imposed on count 1 should have been stayed pursuant to section 12022.53, subdivision (f), rather than section 654.*

When pronouncing judgment, the trial court stayed punishment on the section 12022.7 great bodily injury enhancements attached to counts 1 and 3 without specifying the statutory basis for the stay. The court's minute order states that the enhancements were "stayed pursuant to [section] 654."

6

The great bodily injury enhancement on count 1 should have been stayed pursuant to section 12022.53, subdivision (f), rather than section 654.[5] Subdivision (f) of section 12022.53 provides, in pertinent part, that an "enhancement for great bodily injury as defined in Section 12022.7 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)" of section 12022.53. We order the minute order corrected.

---

[5] In light of our conclusion that section 654 requires a stay of sentence on count 3, the section 12022.7 enhancement attached to that count was properly stayed under section 654. (*People v. Calles, supra,* 209 Cal.App.4th at p. 1221.)

DISPOSITION

The judgment is modified as follows. Sentence on count 3, including the section 12022.53 and 12022.7 enhancements, is stayed pursuant to Penal Code section 654. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward a copy to the Department of Corrections. The clerk of the superior court is further directed to correct the minute order dated January 16, 2014 to reflect that the aggregate sentence is a determinate term of 20 years, plus 55 years to life, and that the section 12022.7 great bodily injury enhancement on count 1 is stayed pursuant to section 12022.53, subdivision (f). In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

KUSSMAN, J.*

---

* Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8