Filed 1/8/15  P. v. Hayes CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**

    **v.**

**ARDIS HAYES,**

    **Defendant and Appellant.**

_____/

**A141654**

**(San Francisco County
Super. Ct. No. 21480903)**

Appellant Ardis Hayes pled guilty to attempted first degree murder (Pen. Code, §§ 664/187, subd. (a))[1] and carrying a dirk or dagger (former § 12020, subd. (a)(4)) and the trial court sentenced him to state prison.  Hayes appeals.  He contends: (1) at the sentencing hearing, the court should have "orally dismiss[ed] counts and allegations" the parties agreed to dismiss pursuant to the negotiated disposition; and (2) the abstract of judgment must be amended to reflect the custody credits awarded at the sentencing hearing.

We direct the court to amend the abstract of judgment to correctly reflect the 1,521 days of custody credits the court awarded at the sentencing hearing.  In all other respects, we affirm.

---

[1]    All further statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

Our summary of facts comes primarily from the probation report.

In July 2010, police officers received a report that several men were beating up a man on Market Street in San Francisco. When the police officers arrived, they found the "victim on the ground unconscious. A large amount of blood was draining from his nose and there was a pool of blood" near him. "The victim suffered from facial and skull fractures, bruised lungs, broken ribs, . . . and multiple lacerations to his face." Police reviewed video footage of the incident, identified the suspects, and arrested Hayes. "He appeared to be wearing the same clothing as seen on the video footage. . . . He possessed a metal cleaver with a 6 inch blade and 0.01 gram of cocaine base."

The People charged Hayes with attempted willful, deliberate, and premeditated murder (§§ 664/187, subd. (a) (Count I)), assault with force likely to cause great bodily injury (§ 245, subd. (a)(1) (Count II)), second degree robbery (§ 211 (Count III)), aggravated mayhem (§ 205 (Count IV)), torture (§ 206 (Count V)), and carrying a dirk or dagger (former § 12020, subd. (a)(4) Count VII)). The information alleged Hayes personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a) (Counts I through III)).

On July 3, 2013, Hayes pled guilty to attempted first degree murder (§§ 664/187, subd. (a) Count I)) and carrying a dirk or dagger (former § 12020, subd. (a)(4) (Count VII). The court found Hayes's waiver of rights was knowing and intelligent, the plea was free and voluntary, and there was a factual basis for the plea. At the hearing, the court did not orally dismiss Counts II through V and the corresponding sentencing enhancement, but it noted that if the court withdrew approval of the plea agreement, Hayes would "be allowed to take back [his] guilty plea and enter pleas of not guilty. . . . But if [he] did that, any dismissed charges or allegations would be reinstated." The minute order issued following the plea hearing states the court dismissed Counts II through V and the corresponding sentencing enhancement.

2

At the March 6, 2014 sentencing hearing, the court denied Hayes's motion to withdraw the plea. Pursuant to the negotiated disposition, the court sentenced Hayes to seven years and eight months in state prison, imposed various fines and fees, and awarded him 1,521 days of presentence custody credit. The minutes of the sentencing hearing reflect the sentence, and the award of 1,521 days of custody credit. The abstract of judgment, however, does not list the custody credits.

## DISCUSSION

Hayes claims the court "inadvertently neglected" to "orally dismiss" Counts II through V and the corresponding sentencing enhancement at the March 6, 2014 sentencing hearing. Hayes urges us to dismiss "the remaining counts and allegations" and to direct the court to prepare a new minute order of the sentencing hearing. We decline to do so. As a general rule, a trial court's oral pronouncements are presumed correct. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Under certain circumstances, however, a minute order or abstract of judgment will prevail over a reporter's transcript. (*People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Thompson* (2009) 180 Cal.App.4th 974 (*Thompson*).) "When the record is in conflict and cannot be harmonized, "'that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence. . . .'"" (*Thompson,* at p. 978.)

Here, the July 3, 2013 minute order and the abstract of judgment prevail. The July 3, 2013 minute order states the court accepted the Hayes's plea agreement on Counts I and VII and dismissed the remaining charges, Counts II through V and the corresponding sentencing enhancement. The minute order is consistent with the court's comments at the plea hearing, where the court referred to the "dismissed charges or allegations[.]" The abstract of judgment does not conflict with the July 3, 2013 minute order. The court's failure to "orally dismiss" Counts II through V and the corresponding sentencing enhancement at either the July 3, 2013 plea hearing or the March 6, 2014 the sentencing hearing is "of no effect." (*Thompson, supra,* 180 Cal.App.4th at p. 978.)

Next, Hayes contends — and the People agree — the abstract of judgment contains a clerical error regarding his custody credits. The abstract of judgment,

3

however, does not list any custody credits.  At the March 6, 2014 sentencing hearing and in the corresponding minute order, the court awarded Hayes 1,521 days of custody credit. The abstract of judgment must be corrected to state Hayes received 1,521 days of custody credits.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Williams* (1995) 40 Cal.App.4th 446, 458.)

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment awarding Hayes 1,521 days of custody credit and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.