Filed 7/15/22 P. v. Correa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY GEORGE CORREA,<br><br>    Defendant and Appellant. | H048702<br>(Santa Clara County<br>Super. Ct. No. C1920828, C1914753) |

**MEMORANDUM OPINION[1]**

Appellant Gary George Correa pleaded no contest in two separate cases and was granted probation pursuant to a negotiated plea agreement. On appeal, the parties agree that the trial court, in pronouncing sentence, failed to order the dismissal of alleged sentencing enhancements, although the trial court's minute orders reflect the dismissal of these allegations. On this record, we deem the minute orders to prevail over the trial court's oral pronouncement. We therefore affirm the orders granting probation as reflected in the minute orders.

On October 7, 2020, Correa entered a negotiated plea agreement in case numbers C1914753 and C1920828 whereby he agreed to plead no contest felony vandalism (Pen.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also, *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

Code, § 594, subd. (b)(1)),[2] misdemeanor petty theft (§ 484), brandishing a weapon (§ 417, subd. (a)(1)), and manufacturing a weapon (§ 4502, subd. (b)). In exchange, the People agreed to dismiss all remaining counts, enhancements, and allegations in both cases. The parties also agreed that Correa would be on probation for up to five years, supervised by the mental health treatment court, and serve one year in jail, modifiable by the mental health treatment court. At the change of plea hearing, the People indicated that it would "move to strike both [of Correa's] strikes" at the sentencing hearing.

At the sentencing hearing on November 12, 2020, the trial court indicated its tentative decision to follow the parties' negotiated agreement. There being no objection, the trial court then sentenced Correa in both cases by placing him on three years' probation and imposing a one-year jail term modifiable by the mental health treatment court. The trial court dismissed the remaining substantive counts in both cases but neglected to state on the record its disposition of the alleged enhancements. The trial court's minute orders, however, reflect the dismissal of all remaining enhancements and allegations in both cases.[3]

Generally, when the oral pronouncement of judgment conflicts with the minute order, the oral pronouncement controls. (*People v. Farrell* (2002) 28 Cal.4th 381, 384, fn. 2.) Under "the modern rule," however, even where the minute order and the transcribed oral pronouncement cannot be reconciled, "the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346; *People v. Smith* (1983) 33 Cal.3d 596, 599.)

---

[2] Unspecified statutory references are to the Penal Code.

[3] In case number C1914753, the minute order reflects dismissal of the following allegations: two prior strike convictions (§ 1170.12), one prior serious felony conviction (§ 667, subd. (a)), and one prior prison term (§ 667.5, subd. (b)). In case number C1920828, the minute order reflects dismissal of two allegations of prior strike convictions (§ 1170.12).

Here, the circumstances make clear the trial court's intention to dismiss the remaining allegations, which in turn lends greater credence to the minute orders. The trial court granted probation as it had indicated in its tentative decision, and the grant of probation would have been unauthorized absent dismissal of certain allegations. (See, e.g., § 1170.12, subd. (a)(2) [probation cannot be granted when a defendant has a prior strike conviction]; § 667, subd. (c)(2) [probation cannot be granted if defendant has prior serious felony conviction].) Under these circumstances, we deem the minute orders to prevail over the reporter's transcript. (*People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Thompson* (2009) 180 Cal.App.4th 974, 978.)

Although Correa asks that we "modify the judgment," the grant of probation obviated the need for an abstract of judgment, and the operative written orders memorializing that grant of probation are the minute orders. Because those minute orders already conform to the parties' agreement, there is no need for further modification.

## DISPOSITION

The correct sentences are reflected in the minute orders dated November 12, 2020, in case numbers C1914753 and C1920828, which prevail over the sentences as stated in the reporter's transcript. As such, the orders granting probation are affirmed.

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P.J.


_____
GROVER, J.


*People v. Correa*
H048702