Filed 5/13/24  P. v. Massie CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS JESUS MASSIE,<br><br>    Defendant and Appellant. | F086740<br><br>(Super. Ct. No. BF183483A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Poochigian, J. and Detjen, J.

Following a jury trial, defendant Luis Jesus Massie was convicted of receiving a stolen vehicle, driving or taking another's vehicle, evading a peace officer, bringing a controlled substance into jail (count 6), and possessing a controlled substance (count 7). The trial court stayed defendant's sentence on count 7 pursuant to Penal Code[1] former section 654 in light of its sentence on count 6. In his first appeal, we remanded for a full resentencing under section 654, amended after defendant was sentenced by Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), to permit the trial court to exercise its new found discretion to decide which drug sentence to stay. (*People v. Massie* (Jan. 17, 2023, F083624) [nonpub. opn.].)[2] On remand, the trial court stated that it intended to resentence defendant to the sentence originally imposed but, as both parties agree, failed to stay either of the sentences on counts 6 and 7 during its oral pronouncement.

Defendant requests that we remand for resentencing because the trial court failed to stay punishment on count 7 and order the trial court to correct the resentencing minute order and amended abstract of judgment to remove a $10 crime prevention fine imposed pursuant to section 1202.5 ($10 fine) that was not included in the trial court's oral pronouncement. The People argue that the trial court expressed its intention to resentence defendant as it had originally, and the resentencing minute order reflects that the trial court stayed the sentence on count 7. The People request that we order the trial court's minute order to prevail over any contrary statement in the reporter's transcript. We agree with the People that the minute order prevails over contrary statements in the reporter's transcript but order the amended abstract of judgment be amended to include the sentence on count 7. In addition, the resentencing minute order and amended abstract

---

[1] Undesignated statutory references are to the Penal Code.

[2] On December 29, 2023, defendant filed a request that we take judicial notice of our records in *People v. Massie*, *supra*, F083624. We grant this request. (See Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.252.)

2.

of judgment shall be amended to remove the $10 fine that was not included the in the trial court's oral pronouncement. We otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

By second amended information filed on November 1, 2021, the District Attorney of Kern County charged defendant with two counts of receiving a stolen vehicle (§ 496d, subd. (a); counts 1, 2), driving or taking another's vehicle (Veh. Code, § 10851, subd. (a); count 3), evading a peace officer (Veh. Code, § 2800.2; count 4), possession of ammunition as a previous offender (§ 30305, subd. (a)(1); count 5), bringing a controlled substance into jail (§ 4573; count 6), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 7). The second amended information further alleged that defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had committed the felony offenses charged in counts 2 through 6 while on pretrial release for the felony charge in count 1 (§ 12022.1).

Following a trial, on November 5, 2021, the jury acquitted defendant on count 2 (the second stolen vehicle count) and count 5 (possession of ammunition) but found him guilty on all remaining charges. In a bifurcated proceeding after defendant waived his right to a jury trial, the trial court found true the strike and pretrial release allegations.

On December 7, 2021, the trial court sentenced defendant to an aggregate term of 15 years and four months in prison as follows: eight years on count 1; two years, plus a two-year enhancement for commission of the offense while on pretrial release (§ 12022.1), on count 3; 16 months on count 4; two years on count 6 (all terms to be served consecutively to count 1); and 180 days in jail on count 7, stayed pursuant to section 654. In addition, the trial court ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300

3.

parole revocation restitution fine (§ 1202.45), $200 in court operations assessments (§ 1465.8), and $150 in criminal conviction assessments (Gov. Code, § 70373).[3]

On the same day, defendant filed a notice of appeal challenging his drug convictions based on claims of sufficiency of the evidence, prosecutorial misconduct, and ineffective assistance of trial counsel. Defendant also requested a full resentencing under the new discretion afforded to the trial court by the amendments to section 654 effective January 1, 2022 (Stats. 2021, ch. 441, § 1). We remanded for full sentencing but otherwise affirmed the judgment. (*People v. Massie*, *supra*, F083624.)

After the remittitur was filed in the trial court, probation conducted a new evaluation of the mitigating and aggravating circumstances and concluded that no changes were warranted to the prior probation report sentencing recommendation. Defendant filed a sentencing memorandum that requested the court strike or dismiss the prior strike conviction as to one or more counts, stay the sentence on the felony charge of bringing drugs into a jail (count 6), and impose sentence on the misdemeanor offense of possession of a controlled substance (count 7), arguing for a total sentence between eight and 10 years.

At the August 14, 2023 resentencing hearing, defense counsel argued the same points raised in his sentencing memorandum. The trial court recognized that the matter had been remanded for resentencing "based upon changes in the law giving the Court discretion to impose a different sentence" and because at the time of the original sentencing, the trial court "did not include the language in its sentencing statement that it would not … impose any leniency … despite giving the defendant the maximum sentence." The trial court then noted that any one of the factors in aggravation would

---

[3]     The trial court orally pronounced imposition of $40 court operations assessments (§ 1465.8) and $30 criminal conviction assessments (Gov. Code, § 70373) as to all five counts, but the December 7, 2021 abstract of judgment erroneously provided for only $160 in court operations assessments (§ 1465.8) and $120 in criminal conviction assessments (Gov. Code, § 70373).

justify the court's decision to reimpose the original sentence in light of defendant's "significant criminal history" over the last 15 years since he was a juvenile, declined to give significant weight to defendant's attempts to rehabilitate while in prison, and found that any circumstances in mitigation were outweighed by the circumstances in aggravation.

The trial court concluded, "As such, the Court is simply going to reimpose the previous sentence. I'll summarize it, and I'll invite a stipulation that the Court need not read the fines and fees into the record and will rely on what's in the probation report." The trial court then resentenced defendant to "a total fixed term of 16 years, four months"[4] as follows: eight years on count 1; two years, plus a two-year enhancement for commission of the offense while on pretrial release (§ 12022.1), on to count 3; 16 months on count 4; and two years on count 6 (all terms to be served consecutively to count 1). The trial court continued, "Count 7, the [Health and Safety Code section ]11350, the defendant is given credit to 180 days in custody; that sentence having been served." The court's resentencing minute order, however, provides: "COUNT 7 STAYED PURSUANT TO [SECTION] 654." The trial court then commented, "I failed to indicate previously that the defendant was undeserving of leniency. The Court wishes to make that clear at this time."

Both the August 14, 2023 resentencing minute order and amended abstract of judgment reflect that the trial court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), $200 in court operations assessments (§ 1465.8), and $150 in criminal conviction assessments (Gov. Code, § 70373) as set forth in the probation report and updated evaluation. However, those records also reflect

---

[4]      We note that the total sentence orally pronounced by the court at defendant's December 7, 2021 sentencing hearing was actually 15 years and four months.

that the trial court ordered defendant to pay a $10 fine as to count 7 that was not recommended in the probation report, included in the court's oral pronouncement during resentencing, or ordered as part of defendant's original sentence.

## DISCUSSION

***I.      The trial court's August 14, 2023 resentencing minute order, indicating that the court stayed count 7 pursuant to section 654, is deemed to prevail over the reporter's transcript.***

The general rule is that the court's oral pronouncement is presumed correct.  (See *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  However, our Supreme Court has held that when the reporter's transcript of the court's oral pronouncement and the clerk's transcripts are in conflict, the inconsistency need not always be resolved in favor of the reporter's transcript.  (*People v. Smith* (1983) 33 Cal.3d 596, 599 (*Smith*).)  Our high court explained, " 'It may be said … as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation].  Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case.' " (*Ibid.*)

In *People v. Cleveland* (2004) 32 Cal.4th 704, the Supreme Court followed the rule articulated in *Smith*, giving credence to the minute order and abstract of judgment over the reporter's transcript from the sentencing hearing.  There, the reporter's transcript reflected that the trial court had sentenced Cleveland to a five-year enhancement for a prior felony under section 667 and a one-year enhancement for a prior prison term pursuant to section 667.5.  (*Cleveland*, at p. 768.)  The record, however, established that Cleveland had been charged with and admitted only a prior serious felony conviction under section 667 and not a prior prison term under section 667.5.  (*Cleveland*, at p. 768.)  In affirming the validity of the sentence as reflected in the abstract of judgment, the court

explained: "Thus, the reference in the reporter's transcript to a one-year term under section 667.5 is incorrect. However, the minute order and abstract of judgment in the clerk's transcript are correct. Neither mentions a prior prison term or section 667.5. Under the circumstances, we will deem the minute order and abstract of judgment to prevail over the reporter's transcript. [Citations.] The erroneous statement in the reporter's transcript is of no effect." (*Ibid*.; accord, *People v. Thompson* (2009) 180 Cal.App.4th 974, 977–978 [deeming minute order and abstract of judgment reflecting correct calculation of sentence to prevail over court's oral pronouncement where court erroneously calculated length of one-third the middle term].)

In this case, the trial court's comments indicate that it was aware we ordered defendant resentenced to permit the court to exercise its discretion in deciding whether to stay the sentence on count 6 or count 7 pursuant to section 654, as amended by Assembly Bill 518. The trial court clearly indicated its intent to sentence defendant as it had originally and to stay the sentence on count 7 rather than lessen defendant's custodial time by staying the lengthier sentence on count 6 when it (1) recognized that its original sentencing comments did not adequately express its intent to sentence defendant to the maximum sentence, (2) stated that it would not give significant weight to defendant's attempts to rehabilitate while in prison and any circumstances in mitigation were not outweighed by aggravating circumstances, (3) announced it would "simply … reimpose the previous sentence" and would "summarize it," and (4) concluded the hearing by clearly stating that defendant was "underserving of leniency."

Therefore, we conclude that the trial court clearly expressed its intent to stay the sentence on count 7 pursuant to section 654, but in pronouncing sentence, erroneously stated that defendant would be "given credit to 180 days in custody; that sentence having been served." Based upon the trial court's comments, we conclude that the conflict in the record is not irreconcilable as it is clear that the court intended to stay the sentence on count 7 pursuant to section 654 as it had originally, and we may infer that the court

7.

misspoke in giving credit of 180 days for serving that sentence. (See *Smith*, *supra*, 33 Cal.3d at p. 599.) Considering all the circumstances, we conclude the minute order reflects the court's "true" sentence and the erroneous statement in the reporter's transcript is of no effect.

Defendant argues that such a remedy cannot be implemented where the trial court's failure to stay the sentence on count 7 pursuant to section 654 results in a legally unauthorized sentence. However, defendant's authority for this proposition relies upon cases discussing the "unauthorized sentence" concept as a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal (see *People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 [recognizing that a defendant's failure to raise issue in trial court does not forfeit argument on appeal that their sentence was imposed in violation of section 654]) and cases analyzing whether a defendant who successfully attacks a judgment in excess of the court's jurisdiction is entitled to claim the protection of the invalid judgment as an absolute limitation on what the court may do thereafter (see *People v. Serrato* (1973) 9 Cal.3d 753, 756, 765 [remanding to trial court for new trial where court exceeded its authority when reducing charge after jury verdict to one that was not a lesser included charge], disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1).

We do not find defendant's authorities applicable to the instant case. Neither case either addressed or established a rule that requires an appellate court to remand a legally unauthorized sentence to the trial court for resentencing where such sentence is correctable on appeal. We find no authority prevents applicability of *Smith*, *supra*, 33 Cal.3d 596 in these circumstances. In *People v. Miller* (1977) 18 Cal.3d 873, abrogated on other grounds as in stated in *People v. Oates* (2004)32 Cal.4th 1048, 1067, footnote 8, the Supreme Court recognized that an appellate court may correct a sentence that is invalid pursuant to section 654 on appeal. In that case, the trial court had ordered

8.

the first two counts to be merged and ordered the sentence on the third count to run concurrent to the merged counts. After holding that the merger of such counts violated section 654, the Supreme Court modified the judgment itself to order that the sentence as to the third count "be stayed pending the finality of this judgment and service of sentence as to count two, such stay to become permanent when service of sentence is completed." (*Miller*, at p. 888.)

Therefore, in this case, we deem that the resentencing minute order prevails over the reporter's transcript and the erroneous statement in the reporter's transcript as to the sentence on count 7 is of no effect. (See *People v. Cleveland*, *supra*, 32 Cal.4th at p. 768.) We will further order that the clerk of the superior court shall prepare an amended abstract of judgment that sets forth the trial court's sentence as to count 7 in paragraph 13.

## II. The amended abstract of judgment shall be amended to remove the $10 fine, which was not orally pronounced by the trial court nor part of the parties' stipulation as to applicable fines.

The parties agree that the amended abstract of judgment reflects a $10 fine that was not recommended in the probation report and, therefore, not included in the parties' stipulation that waived the trial court's recitation of fines and assessments applicable in the case. When a discrepancy exists between a trial court's oral pronouncement of judgment, minute order, and abstract of judgment, the oral pronouncement controls and we may correct error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may correct abstract of judgments that do not accurately reflect the oral pronouncements of sentencing courts].) We shall order the clerk of the court to amend the resentencing minute order and amended abstract of judgment to remove the $10 fine.

## DISPOSITION

The trial court's judgment as to count 7 is modified to provide that defendant is sentenced to a term of 180 days in custody, stayed pursuant to section 654 pending the

finality of this judgment and completion of the sentence imposed on counts 1, 3, 4, and 6, such stay to become permanent when service of sentence is completed. The clerk of the superior court is directed to (1) correct the August 14, 2023 resentencing minute order by removing the $10 crime prevention fine (§ 1202.5); (2) amend the August 14, 2023 amended abstract of judgment at paragraph 13 to include the sentence as to count 7 and, at paragraph 9.c., to remove the $10 crime prevention fine (§ 1202.5); and (3) forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

The judgment is affirmed as modified.