Filed 6/26/24  P. v. Humphrey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099731 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE009220) |
| v. | |
| JONATHON URIAH HUMPHREY, | |
| Defendant and Appellant. | |

In 2021, defendant Jonathon Uriah Humphrey[1] got into a fight with the victim. After getting the victim on the ground, defendant crushed his skull by stepping on it.  The prosecution charged defendant with murder and alleged a prior serious felony conviction. The trial court denied defendant's *Marsden* motion.  (See *People v. Marsden* (1970)

---

[1]     Defendant's name is listed different ways throughout the record.  While the abstract of judgment lists defendant's name as "Jonathan Uriah Humphrey," the minute orders, felony complaint, and notice of appeal use "Jonathon Uriah Humphrey."  We use the latter name in this opinion.

1

2 Cal.3d 118.)  Defendant pled no contest to voluntary manslaughter and admitted his prior strike offense and an aggravating circumstance.  The trial court sentenced defendant to the upper term of 11 years, doubled to 22 years due to the prior strike.  When imposing fines and fees at the sentencing hearing, the court said, "I will impose the Government Code [s]ection 70373.5 [assessment].  That will be $40."  The minute order from the sentencing hearing and the abstract of judgment list the criminal conviction assessment as $30 pursuant to Government Code section 70373.

Defendant appeals.  Defendant applied for permission to seek a certificate of probable cause in the trial court.  We denied the application.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As noted above, there is a discrepancy in the record as to the amount of the criminal conviction assessment.  Given defendant's single conviction, the correct amount is $30 as indicated in the minute order and the abstract of judgment.  (See Gov. Code, § 70373, subd. (a)(1) ["The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony"].)  The trial court also misstated which statute authorizes this assessment, citing to Government Code section 70373.5 instead of section 70373.  Though ordinarily the trial court's oral pronouncement controls, under these circumstances, we will deem the minute order and the abstract of judgment to prevail over the reporter's transcript.  (See *People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Thompson* (2009) 180 Cal.App.4th 974, 978.)  The erroneous amount and misstated authority in the reporter's transcript are of no effect.

2

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant.  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
DUARTE, J.

/s/_____
WISEMAN, J.*

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.