Filed 4/30/25  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VERNON RAY WILLIAMS,<br><br>        Defendant and Appellant. | C100633<br><br>(Super. Ct. No. 14F00379) |

Defendant Vernon Ray Williams appeals from a resentencing under Penal Code section 1172.75.[1]  His appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no supplemental brief from defendant.

Although this is not defendant's first appeal as of right, in the interest of judicial economy we have exercised our discretion to independently review the record.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6.)  Based on our review, we will deem the trial court to have imposed but stayed sentence on a battery conviction and

---

[1]  Undesignated statutory references are to the Penal Code.

1

associated enhancement. But we will remand the matter to the trial court for recalculation of defendant's presentence credit. We will otherwise affirm the judgment.

BACKGROUND

In 2015, a jury found defendant guilty of inflicting corporal injury resulting in a traumatic condition (§ 273.5, subd. (a)) and battery causing serious bodily injury (§ 243, subd. (d)). As to each offense, the jury found that defendant personally inflicted great bodily injury. (§ 12022.7, subd. (e).) The trial court found that defendant had a prior strike conviction and a prior serious felony conviction (§ 667, subd. (a)) and had served a prior prison term (former § 667.5, subd. (b)). The trial court denied defendant's *Romero*[2] motion and sentenced him to an aggregate 19 years in prison, consisting of the following: eight years for inflicting corporal injury, five years for the associated great bodily injury enhancement, five years for the prior serious felony conviction, and one year for the prior prison term. Pursuant to section 654, the trial court imposed but stayed sentence on the battery conviction and the associated great bodily injury enhancement. It awarded defendant 537 days of presentence credit (467 days actual and 70 days conduct).

In 2023, the Department of Corrections and Rehabilitation identified defendant as an individual eligible for resentencing under section 1172.75. The trial court recalled defendant's sentence and scheduled a resentencing hearing. In a written brief, defendant argued (among other things) that the sentence for the battery conviction and the associated great bodily injury enhancement should remain stayed. The People did not disagree.

At the resentencing hearing, the trial court once again denied defendant's *Romero* motion and also denied a motion under section 1385 to strike the prior serious felony conviction enhancement and the great bodily injury enhancements. It stated it was

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

striking the one-year prior prison term enhancement and reimposing eight years for the infliction of corporal injury, five years for the associated great bodily injury enhancement, and five years for the prior serious felony enhancement. Although the trial court did not mention sentence on the battery conviction and associated enhancement that had been imposed but stayed at the original sentencing, the minute order from the resentencing hearing, and the abstract of judgment, both indicate that sentence on the battery conviction and associated enhancement had been reimposed but stayed.

The trial court said presentence credit would be determined by the Department of Corrections and Rehabilitation. However, the abstract of judgment does not reflect a change in presentence credit following resentencing.

DISCUSSION

At the resentencing hearing, the trial court did not mention a sentence on the battery conviction and associated enhancement. However, the minute order and abstract of judgment indicate that sentence on the battery conviction and associated enhancement had been reimposed but stayed. Ordinarily, when there is a conflict between the trial court's oral pronouncement and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Here, however, the record indicates the trial court intended to strike the now-invalid one-year prior prison term enhancement and otherwise reimpose the previously imposed sentence, including the previously ordered stay. This conclusion is supported by the fact that defendant argued the sentence on the battery conviction and associated enhancement should remain stayed, the People did not disagree, and the trial court did not indicate a contrary intention. On this record, the relevant entries in the minute order and abstract of judgment appear to reflect what the parties and the trial court intended. Under the circumstances, we deem the minute order and abstract of judgment to prevail over the reporter's transcript (see *People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Thompson* (2009)

3

180 Cal.App.4th 974, 978), and we deem the trial court to have imposed but stayed sentence on the battery conviction and associated enhancement under section 654.

However, remand is required for the recalculation of presentence credit. Section 2900.1 provides that when a defendant has served a portion of a sentence imposed based upon a judgment that is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." In *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, the California Supreme Court explained that when a trial court modifies "a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' "

## DISPOSITION

The matter is remanded to the trial court with directions to recalculate defendant's presentence credit, prepare an amended abstract of judgment reflecting a change in credit, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　MAURO, J.


We concur:


　　　/S/
EARL, P. J.


　　　/S/
RENNER, J.