Filed 9/23/25  P. v. Tenorio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C101907 |
| Plaintiff and Respondent, | (Super. Ct. No. CR202325891) |
| v. | |
| EVARISTO ANTONIO TENORIO, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Evaristo Antonio Tenorio, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Around 3:30 a.m., California Highway Patrol Officer Steven Hawkinson and his partner observed a car traveling at 90 miles per hour in a rural area.  The officers pulled over the car and Officer Hawkinson approached the passenger side of the car.  He noticed

defendant, who was the passenger, had his eyes closed and a third person was in the backseat.

The officer smelled marijuana and alcohol emanating from inside the car. After determining the driver was not under the influence, Officer Hawkinson asked the driver whether he was on probation or parole. The driver said he might have a parole or probation officer. The driver told Officer Hawkinson he did not know the names of the two passengers in the vehicle and that he just picked them up on his way to Sacramento. After learning the driver was on parole in Oregon, Officer Hawkinson asked the driver if there were any weapons in the car. The driver responded no.

Officer Hawkinson testified he decided to search the vehicle because the driver was on parole status, the driver and defendant were evasive to his questions, and removing everyone from the car before doing a search for weapons made him feel more comfortable. Defendant got out of the vehicle and when Officer Hawkinson patted him down for weapons, he found a loaded handgun hidden in defendant's waistband. Officer Hawkinson then placed defendant under arrest. He conducted a further search and found a small baggie with white powder, which he suspected was methamphetamine or cocaine. Inside the car, Officer Hawkinson found large plastic bags filled with marijuana, two loaded handguns, and ammunition.

The prosecution filed a complaint alleging possession of a controlled substance while armed with a loaded firearm, two counts of possession of a firearm by a convicted felon, possession of ammunition by a convicted felon, misdemeanor possession of a controlled substance, and misdemeanor possession of marijuana for sale. The complaint further alleged a prior strike conviction and several circumstances in aggravation.

The prosecution filed a *Pitchess*[1] motion regarding the arresting officer without opposition from defendant or the Attorney General (on behalf of the Department of the California Highway Patrol). The trial court conducted an in camera review of the file and found no information was relevant or responsive to the motion.

Defendant filed a motion to suppress, arguing defendant was unreasonably detained and the officer lacked probable cause to believe defendant posed a threat before conducting a *Terry*[2] stop and frisk. The trial court found the officers legally pulled over the vehicle because it was traveling well above the speed limit. The court also found it was not improper for the officer to detain and search defendant because the traffic stop occurred in a rural area around 3:30 a.m., the driver did not know the names of the passengers, defendant refused to give his name or exit the vehicle immediately when asked, and the vehicle smelled of alcohol and marijuana. Additionally, the driver was on parole in Oregon and therefore the officer was entitled to search the car. To ensure officer safety during the search under those conditions, the trial court found the search did not violate the Fourth Amendment. (U.S. Const., 4th Amend.)

Defendant pled to one count of felony violation of possessing a controlled substance while armed with a loaded firearm and admitted the prior strike allegation in exchange for a midterm sentence of three years, doubled because of the prior strike. The trial court sentenced defendant to six years in prison pursuant to the terms of the plea agreement. The court awarded defendant 357 actual days and 356 days of conduct credit, for a total of 713 days of custody credit. The court imposed a $300 restitution fine and imposed, but suspended, a $300 parole revocation restitution fine. It also orally imposed

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[2]     *Terry v. Ohio* (1968) 392 U.S. 1.

3

a "$240" court operations assessment and a $30 conviction assessment.  The abstract of judgment lists the court operations assessment as $40.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We have found a clerical error.  The trial court orally imposed a court operations assessment of "$240."  The abstract of judgment lists the assessment as "$40" and the minute order does not address the assessment.  Because defendant pled no contest to a single count of possession of a controlled substance while armed with a weapon, the court could impose only a $40 assessment pursuant to Penal Code section 1465.8.  It appears the court unintentionally misstated the assessment amount and the court clerk subsequently entered the correct amount in the abstract of judgment.

The general rule is that the oral pronouncement of the court is presumed correct.  (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Nonetheless, here, we will deem the minute order and the abstract of judgment to prevail over the reporter's transcript.  (*People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Smith* (1983) 33 Cal.3d 596.)  When the record is in conflict and cannot be harmonized, "that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence."  (*Smith*, at p. 599.)  The erroneous statements in the reporter's transcript are of no effect.  (*People v. Thompson* (2009) 180 Cal.App.4th 974, 978.)

4

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
WISEMAN, J.*

_____

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.