Filed 1/30/25  P. v. Culpepper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100266 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18CF07475, 21CF05399, 23CF00583) |
| v. | |
| KELLEN ANTHONY JASON CULPEPPER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kellen Anthony Jason Culpepper asks this court to review the record in three cases and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  In reviewing the record, we identified an erroneous statement in the reporter's transcript, which we deem to be of no effect, as detailed below.  Finding no other arguable errors that would result in a disposition more favorable to defendant, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a school counselor contacted authorities to report that defendant had sent a student a sexually explicit photograph of himself via social media. As the investigation progressed, officers learned of multiple instances of similar contact between defendant and other students. The prosecution charged defendant in case No. 18CF07475 (No. 475) with 17 counts of contacting a minor for a sexual offense, 37 counts of distributing pornography to a minor, and one count of attempted distribution of pornography to a minor. Defendant pled no contest to the 37 counts of distribution and the single count of attempted distribution. The trial court granted defendant probation. In July 2019, defendant admitted to violating his probation by terminating his participation in the sex offender therapy program. The trial court revoked probation and then ultimately reinstated it in January 2021.

In October 2021, the prosecution charged defendant in case No. 21CF05399 (No. 399) with failing to update his sex offender registration. Defendant's probation in case No. 475 was revoked. In November 2022, defendant pled no contest to failure to update his registration in case No. 399.

In January 2023, defendant sent a 17-year-old victim a photograph of his penis and arranged to meet with her. The prosecution charged defendant in case No. 23CF00583 (No. 583) with contacting a minor for a sexual offense, arranging a meeting with a minor for lewd purposes as a registered sex offender, and distributing pornography to a minor. Defendant pled no contest to contacting a minor for a sexual offense and arranging a meeting with a minor for lewd purposes as a registered sex offender.

In case No. 475, the trial court sentenced defendant to: (1) two years (the middle term) for one of the distribution convictions; (2) eight months (one-third the middle term) for the other 36 distribution convictions; and (3) four months (one-third the middle term) for the attempted distribution conviction. In case No. 399, the trial court sentenced defendant to eight months (one-third the middle term) for failing to update his

2

registration. In case No. 583, the trial court orally pronounced a sentence of "eight months, one-third of the middle term" for both contacting a minor for a sexual offense and arranging a meeting with a minor for lewd purposes as a registered sex offender. The court stated that defendant's aggregate sentence for the three cases was 28 years in prison. Both the abstract of judgment and the minute order from the sentencing hearing indicate that the court sentenced defendant to four months for contacting a minor for a sexual offense in case No. 583.

Defendant appeals.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of these cases and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) In that brief, appointed counsel states that defendant "personally requests that the court address the following: whether the court erred in imposing the middle term." Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have identified a discrepancy in the record as to defendant's sentence for contacting a minor for a sexual offense in case No. 583. The trial court orally imposed a sentence of eight months for this offense, reasoning that it was one-third of the middle term. But the sentencing minute order and the abstract of judgment reflect a four-month term. Further, when orally imposing the sentence, the trial court stated that defendant's aggregate term was 28 years—a total that only makes sense if the court sentenced defendant to four months for contacting a minor for a sexual offense in case No. 583.

Penal Code section 288.3 prohibits contacting or communicating with a minor with the intent to commit certain sexual offenses. The punishment for this crime is "prison for the term prescribed for an attempt to commit the intended offense." (§ 288.3,

3

subd. (a).)  Ordinarily, the punishment for an attempt is "one-half the term of imprisonment prescribed upon a conviction of the offense attempted."  (§ 664, subd. (a).)  Based on the factual basis and the charging document, the intended offense here appears to be distributing pornography to a minor under section 288.2.  This sexual offense has a sentencing triad of 16 months, two years, or three years, so long as the matter distributed does not depict minors engaged in sexual conduct.  (§ 288.2, subd. (a)(2).)  Therefore, contacting or communicating with a minor with the intent to commit this offense has a sentencing triad of eight months, one year, or 18 months.  One-third of that middle term would be four months, as indicated by the minute order and the abstract of judgment.

The general rule is that when there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  Nonetheless, under these circumstances, we will deem the minute order and the abstract of judgment to prevail over the reporter's transcript.  (*People v. Cleveland* (2004) 32 Cal.4th 704, 768; *People v. Smith* (1983) 33 Cal.3d 596, 599; *People v. Thompson* (2009) 180 Cal.App.4th 974, 978.)  When the record is in conflict and cannot be harmonized, " 'that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence.' "  (*Smith*, at p. 599.)  "The erroneous statement in the reporter's transcript is of no effect."  (*Cleveland*, at p. 768.)  Because the abstract of judgment and sentencing minute order already indicate a four-month term for the relevant offense, no correction to these documents is necessary.

We have considered defendant's personal request that we examine "whether the court erred in imposing the middle term," and have determined that there is no arguable error as to this issue.

Having further undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

4

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
MAURO, J.

/s/
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5