Filed 2/28/25  P. v. Garcia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMUEL MICHAEL GARCIA, JR.,<br><br>    Defendant and Appellant. | D083367<br><br><br>(Super. Ct. No. SCS207397) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

Samuel Michael Garcia, Jr. appeals from an order denying his resentencing petition under Penal Code section 1172.75.  He contends the court erred by declining to hold a resentencing hearing because the abstract

of judgment includes a prison prior enhancement.  Yet the People argue, and we agree, the court properly declined to hold a resentencing hearing because the court did not orally impose a prison prior enhancement at Garcia's original sentencing hearing.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we therefore affirm the order and remand with directions.

I.

In 2009, Garcia was convicted of aggravated kidnapping, robbery, committing a lewd act on a child aged 14-15, and sexual battery by restraint. He also admitted two violent felony priors, one serious felony prior, and one strike prior.  The court sentenced him to prison for an indeterminate term of life plus one year and a determinate term of 15 years and 4 months.

Effective January 2022, the Legislature enacted section 1172.75 (Stats. 2021, ch. 728, § 3), which rendered "legally invalid," subject to exceptions not relevant here, prison prior enhancements imposed under section 667.5(b). (§ 1172.75, subd. (a).)  Once the California Department of Corrections and Rehabilitation identifies a defendant serving a sentence for a judgment that includes such an enhancement, the sentencing court must determine if the judgment in fact includes the enhancement.  (§ 1172.75(b)-(c).)  If so, the court must recall the sentence and resentence the defendant.  (§ 1172.75(c).)

In 2023, the trial court declined to recall Garcia's sentence and resentence him under section 1172.75 because it found no prison prior was imposed under section 667.5(b) during the original sentencing.  The court therefore found him ineligible for relief under the statute.

We agree with the People that section 1172.75 does not apply here because no prison prior enhancement was alleged, much less imposed. Thus, Garcia is ineligible for relief under section 1172.75.

To the extent this issue calls for statutory interpretation, our review is de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) To the extent it seeks review of the trial court's findings of fact on a cold record, our review is for substantial evidence. (*People v. Werntz* (2023) 90 Cal.App.5th 1093, 1110, review granted Aug. 9, 2023, S280278.) "[W]e review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Koontz* (2002) 27 Cal.4th 1041, 1078.) "[W]e do not substitute our own factual determinations for the fact finder's." (*Werntz*, at p. 1110.)

A.

In the operative amended information, the People alleged Garcia had two section 667.5(a) violent felony priors, one section 667(a)(1) serious felony prior, and one section 667(b) strike prior. They alleged no section 667.5(b) prison priors.

At the sentencing hearing, the People noted they "had intended to issue a prison prior" but did not do so. They conceded the "violent felony that was pled" did not apply and accordingly moved to dismiss, stating, "I know that he admitted it, but I think it's better that it just goes away." The court granted the motion, stating, "Stricken." Later in the hearing, the court reiterated that "[t]he People have stricken the violent felony portion of the prior; however, pursuant to [section] 667(a)(1), there is a serious felony prior

which will qualify. I will impose that prior five years consecutive." The court said nothing about imposing a section 667.5(b) prison prior.

The minutes of the hearing and the abstract of judgment, however, reflect that a section 667.5(b) prison prior was imposed but stayed.

B.

Generally, when the court's oral pronouncement of judgment and the abstract of judgment conflict, the oral pronouncement prevails. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) This is because the abstract of judgment is not itself the judgment of conviction but merely a summary. (*Ibid.*) Under *People v. Mesa* (1975) 14 Cal.3d 466, 471, an inconsistency between the oral judgment and the minutes or abstract of judgment is presumably clerical error. "It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

Citing *People v. Thompson* (2009) 180 Cal.App.4th 974 and *People v. Smith* (1983) 33 Cal.3d 596, Garcia contends the abstract of judgment should prevail here because of the "unique circumstances" of this case. He claims this case is unique because a stay of the prison prior enhancement was permissible—given the same felony gave rise to both the serious felony prior and the prison prior—so the abstract of judgment should prevail over the allegedly ambiguous reporter's transcript. Garcia admits the orally pronounced judgment traditionally prevails where there is an inconsistency between it and the abstract of judgment but then contends the modern approach does "not support such a mechanical rule." (*Smith*, at p. 599.)

We do not agree the reporter's transcript was ambiguous, and we reject the contention the abstract of judgment controls here. The reporter's transcript reflects the court imposed a section 667(a) serious felony prior

4

enhancement, and the People successfully moved to dismiss the section 667.5(a) violent felony priors they alleged. There was no section 667.5(b) prison prior enhancement before the court, and the court did not invoke section 667.5(b) during the hearing. A plain-language reading of the transcript is that the court did not include any prison prior enhancement in its judgment. We defer to the judgment the court orally provided at sentencing because the cases on which Garcia relies are readily distinguishable.

In *Thompson*, the trial court erred when it delivered its oral pronouncement of sentence because "the court was mistaken in stating that one-third of the middle term for Vehicle Code section 23153 is one year four months" rather than eight months. (*Thompson*, 180 Cal.App.4th at p. 977.) The correct mathematical calculation was reflected in the abstract of judgment. (*Id.* at p. 978.) Under the circumstances, the court of appeal concluded the abstract of judgment prevailed. (*Ibid.*)

But *Thompson* is different from this case because it addressed whether the abstract of judgment should prevail over the oral pronouncement when the abstract of judgment includes the indisputably correctly calculated sentence. This case does not present a clear error in the oral pronouncement of judgment such that the abstract controls.

In *Smith*, the People appealed "from a legally erroneous dismissal based on a postmistrial plea of former jeopardy." (*Smith*, 33 Cal.3d at p. 598.) Relevant for our purposes, the People claimed "the inconsistency [between the reporter's and clerk's transcripts] *must necessarily* be resolved in favor of the reporter's version." (*Id.* at p. 599, italics added.) In response to that claim, the Supreme Court concluded "more recent cases do not

5

support such a mechanical rule," and what prevails depends on a case's circumstances. (*Ibid.*)

Here, we are not following the oral pronouncement of sentence because we *must necessarily* resolve the inconsistency in favor of the reporter's transcript. We are following it because that is the traditional rule, and no unique circumstance like the one in *Thompson* applies. While the probation report recommended the stay of a section 667.5(b) prison prior enhancement, no such enhancement was alleged. The People moved to dismiss the violent felony priors they mistakenly alleged in the prison prior's stead, and the court granted that motion. There was no oral pronouncement of a section 667.5(b) prison prior enhancement. Accordingly, Garcia is ineligible for relief under section 1172.75. We therefore affirm the order denying a recall of Garcia's sentence and remand with directions to correct the clerical error within the abstract of judgment.

Given this disposition, we need not address the parties' arguments concerning the applicability of *People v. Christianson* (2023) 97 Cal.App.5th 300 or *People v. Rhodius* (2023) 97 Cal.App.5th 38.

Finally, Garcia seeks judicial notice of the record in the prior appeal, *People v. Garcia* (March 16, 2010, D054947) [nonpub. opn.]. As this opinion does not rely on those documents, we deny the request. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

### III.

We affirm the order and remand the matter with directions to (1) correct the clerical error in the abstract of judgment by deleting the section 667.5(b) enhancement and (2) forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.